Opinion of the Justices to the Governor and Council.

*Boston Juvenile Court.*

A vacancy occurring on August 1, 1948, through the death of one of the
two special justices of the Boston Juvenile Court then in office may
be filled notwithstanding St. 1941, c. 664, since that statute does not
apply to that court.

To His Excellency the Governor and The Honorable
Council of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court
submit the following answer to the question contained in
your order of November 17, 1948, a copy of which is attached
hereto.

Your question reads, "Does a vacancy now exist in the
office of Special Justice of the Boston Juvenile Court by
reason of the death on August 1, 1948, of Frank Leveroni,
who at the time of his death was one of two Special Justices
of said Court, which vacancy can be filled by appointment
of the Governor by and with the advice and consent of
the Council?"

The answer depends upon whether St. 1941, c. 664,
applies to the Boston Juvenile Court. That act is entitled,
"An Act limiting the number of special justices of certain
district courts." Section 1 of the act strikes out the first
paragraph of § 6 of c. 218 of the Tercentenary Edition of
the General Laws and substitutes the following, "Each
district court, except the municipal court of the city of
Boston, shall consist of one justice and one special justice." [1]
Section 2 provides that the act shall not affect the tenure
of office of any special justice then in office, but that no
vacancy in the office of special justice "in any district court
subject to this act . . . shall be filled at any time when

---

[1] This section was further altered in respects not material to the present
question by St. 1945, c. 611, and St. 1947, c. 588, § 1.

there is one special justice of such court in office." Any contention that this statute applies to the Boston Juvenile Court rests upon the general expressions of G. L. (Ter. Ed.) c. 218, § 59,[1] which provides that, except as otherwise provided by law, the Boston Juvenile Court "shall have and exercise, within its jurisdiction, the same powers, duties and procedure as district courts; and all laws relating to district courts or municipal courts in the county of Suffolk or officials thereof or proceedings therein, shall, *so far as the same are applicable,*[2] apply to said court." But at this point it becomes necessary to look at the immediately preceding § 58, which provides that the Boston Juvenile Court "shall consist of one justice and two special justices."[3] The question then is whether the particular provision of § 58 that the Boston Juvenile Court shall have two special justices — a provision still contained in the statutes without express modification or repeal — is overridden and impliedly modified or repealed by the provisions of St. 1941, c. 664, reducing the number of special justices of District Courts generally to one, although the 1941 act does not mention the Boston Juvenile Court and can be held to affect that court only by reason of the general provision in G. L. (Ter. Ed.) c. 218, § 59, that "all laws relating to district courts or municipal courts in the county of Suffolk or officials thereof or proceedings therein, shall, *so far as the same are applicable,*[2] apply to said court."

In view of the care exercised by the Legislature for many years past in amending the general laws and the standardized and uniform methods adopted in making such amendments, we are unable to believe that it intended to make an important change in § 58 in this obscure and roundabout manner without any express reference to that section and leaving it still ostensibly standing untouched upon the statute book. We think that the 1941 act was not "appli-

---

[1] Now amended by St. 1948, c. 248, § 1.

[2] Emphasis supplied.

[3] The latest form of this section is found in St. 1936, c. 282, § 2.

cable" to the Boston Juvenile Court under § 59, because it was still specially provided by § 58 that that court should have two special justices. In one aspect this may be called merely an instance of a particular statute of special and limited incidence prevailing over a more general one. See *Copeland* v. *Mayor & Aldermen of Springfield*, 166 Mass. 498, 504; *McKenna* v. *White*, 287 Mass. 495, 499.

We have examined the statutes relating to the Boston Juvenile Court from its establishment by St. 1906, c. 489. They seem to us to confirm rather than to throw doubt upon the conclusion reached above from the face of the existing statutes. The provision for two special justices was included in § 2 of the 1906 act, and a provision that certain laws relating to District Courts should apply to the Boston Juvenile Court "so far as they may be appropriate" was included in § 4 of that act. Section 4 drew heavily upon the then existing statutes relating to Police, District, and Municipal Courts for definition of the jurisdiction, authority, and procedure of the new court and for provisions dealing with the judges, the clerk, and the parties before the court, "except as herein otherwise provided." In this way the Legislature avoided the necessity of drafting an elaborate new statutory system to govern the Boston Juvenile Court. It is plain that the laws adopted by the 1906 act from the statutes relating to District Courts for the use of the new court could not control over specific provisions of the 1906 act, such as that relating to the number of judges, which were of the very substance of the new court itself. It is noteworthy that the Boston Juvenile Court is nowhere referred to in the 1906 act as a District Court. When the General Laws of 1921 were compiled, the provisions of the 1906 act were redrafted and distributed in various chapters. The provision fixing the number of special justices as two and the provision adopting the laws governing District or Municipal Courts were placed, in condensed form, with two other sections, in c. 218, where they became the §§ 58 and 59 hereinbefore described. Chapter 218 was entitled "District Courts," but these sections appear under the subheading of "Special Provisions

Relative to the Boston Juvenile Court." Other provisions relative to that court now contained in the Tercentenary Edition of the General Laws sometimes refer to it as if it were a District Court but more frequently as if in contradistinction to a District Court. See G. L. (Ter. Ed.) c. 77, § 11, as amended; c. 119, §§ 42, 52, as amended, 58, as amended, 73, as amended; c. 218, § 6, as amended; c. 276, § 83, as amended, 95, 99. Whether as the result of these changes the Boston Juvenile Court should now be classified as a District Court is for present purposes a purely academic question. If it is a District Court at all, it is one of a peculiar kind to which "Special Provisions" are applicable. Among these special provisions are still the provision fixing the number of special justices of the court at two (G. L. [Ter. Ed.] c. 218, § 58, as appearing in St. 1936, c. 282, § 2) and the provision importing into the law governing the Boston Juvenile Court general laws governing District Courts (G. L. [Ter. Ed.] c. 218, § 59). Ever since 1906 these two provisions have existed side by side in our statutes, the one provision designed to establish the composition of the Boston Juvenile Court itself, the other provision designed to make applicable to it generally laws that could readily be borrowed from the District Court system. It does not seem that the Legislature could have intended either in 1906, when both provisions were first enacted together, or in 1921, when the General Laws took effect, that the provision for borrowing the laws governing District Courts could have the effect of introducing statutes, whether then in existence or thereafter enacted, in conflict with the provision governing the composition of the Boston Juvenile Court itself, so long as the latter provision was not expressly repealed.

In view of what has been said it is unnecessary to consider what significance, if any, should be attached to the fact referred to in the recitals in the order of the Governor and Council submitting the question to us that during the progress of St. 1941, c. 664, through the Legislature its title was changed from "An Act limiting the number of special justices of certain district courts and the Boston

juvenile court" to "An Act limiting the number of special justices of certain district courts."

We answer "Yes" to the question submitted.

STANLEY E. QUA.
HENRY T. LUMMUS.
ARTHUR W. DOLAN.
JAMES J. RONAN.
°RAYMOND S. WILKINS.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.