COMMONWEALTH *vs.* A JUVENILE.

Suffolk.   April 3, 1973. — May 14, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & KAPLAN, JJ.

*Delinquent Child.*

In the circumstances, the proper administration of criminal justice required that a sixteen year old boy, charged with being a delinquent child by reason of acts of armed robbery and assault and battery by means of a dangerous weapon, be afforded an opportunity in the juvenile court, which he had not had in the procedures followed in his case, to establish that he should be treated as a child rather than as an adult, in accordance with the Rules of the District Courts and G. L. c. 119, §§ 61 and 74.   [641–642]

INDICTMENTS found and returned in the Superior Court on October 12, 1972.   A motion to dismiss the indictments was heard by *Lynch,* J.

*Newman A. Flanagan,* Assistant District Attorney, for the Commonwealth.

*Stephen Hrones* for the defendant.

KAPLAN, J.   This is an appeal by the Commonwealth under G. L. c. 278, § 28E, from the allowance by the Superior Court of the defendant's motion to dismiss indictments returned against him by the grand jury for Suffolk County.

On dates in August and September, 1972, complaints were issued by the Municipal Court of the Dorchester District (the juvenile court) against the defendant, then sixteen years old, charging him with being a delinquent child by reason of acts of armed robbery and assault and battery by means of a dangerous weapon.   The defendant was arrested on a warrant and was arraigned and pleaded not delinquent to each of the complaints.

On October 10, 1972, the juvenile court held a hearing on the complaints.   The defendant was represented by counsel.   After hearing the merits, the judge dismissed the juvenile complaints and ordered that the defendant

be proceeded against as an adult (see G. L. c. 119, §§ 61, 74). The judge found, following the terms of the statute (§ 61), that "the interest of the Public requires that . . . [the defendant] shall be tried for the said offence," but this finding was not supported by a statement in writing of "the reasons or considerations" therefor as prescribed by Rule 85 of the Rules of the District Courts (1965). The defendant's counsel objected that he had not received prior notice that the subject of dismissal would be taken up in conjunction with the hearing on the merits, and requested a continuance of one week so that he might prepare on the issue of. dismissal. The judge denied counsel's request, and counsel excepted.

On the same day, October 10, 1972, corresponding criminal complaints were issued against the defendant. The same judge, over objection and exception, held a probable cause hearing and bound the defendant over to the Superior Court for proceedings by the grand jury, which eventuated on October 12, 1972, in indictments for armed robbery and assault and battery with a dangerous weapon.

The defendant moved in the Superior Court to dismiss the indictments. In allowing the motion, the judge held that, taken as a whole, the course of proceedings in the juvenile court — the claimed lack of notice, the refusal to grant the continuance, and the blanket findings as to the "interest of the Public" without supporting reasons or considerations under a statute laying down no further standards — deprived the defendant of due process of law.

On this appeal we do not reach any constitutional issue. Rather we hold, on the facts of the particular case, that the "proper administration of criminal justice" (see *Commonwealth* v. *Martin*, 355 Mass. 296, 301) requires that the defendant be now afforded an opportunity in the juvenile court to establish that he should be treated as a child rather than as an adult.

In our view the defendant was not deprived of notice that the question of dismissal might be considered in

addition to the merits at a single hearing, for the terms of the statute itself, fairly read, give warning of that possibility. See § 61. However, as counsel stated frankly at our bar, he was new at the practice and only vaguely familiar with the statute at the time, and assumed that the issue of dismissal of the juvenile complaints would be dealt with at a second hearing. He explained his difficulties to the judge in a reasoned request for a short continuance. He moved promptly in the Superior Court.

The Commonwealth urges us to let the indictments stand and leave it to the Superior Court to consider whether the defendant should be ultimately treated as a child or adult (see § 83), but the statutory scheme contemplates that that determination shall preferably be first made by the juvenile court. See § 74; cf. *Kent* v. *United States*, 383 U. S. 541, 563–564.

Pending the present appeal, the Rules of the District Court were amended, effective May 7, 1973. The Rules now provide that the question of dismissing a juvenile complaint and trying the child as an adult shall be made the subject of a separate hearing, with a continuance if requested. The Rules set forth the factors to be considered by the judge in deciding whether the public interest requires dismissal, and they provide further that any finding of probable cause after a dismissal shall be made by a judge other than the one who heard the juvenile complaint, unless the child shall have waived the probable cause hearing. See new Rule 85A.

The order dismissing the indictments is vacated. The Superior Court is directed to remand the cases to the juvenile court with directions to vacate the orders dismissing the juvenile complaints and promptly to take appropriate proceedings thereon in accordance with the statute and the Rules of the District Courts, as amended. The defendant is granted leave to apply to the Superior Court for dismissal of the indictments if the action of the juvenile court indicates that such dismissal would be appropriate.

*So ordered.*