A JUVENILE, petitioner.

Middlesex.     October 3, 1973. — January 31, 1974.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Delinquent Child. Jurisdiction,* Delinquent child. *District Court,* Jurisdiction. *Superior Court,* Jurisdiction. *Practice, Criminal,* Binding over for trial, Double jeopardy. *Constitutional Law,* Due process of law, Double jeopardy.

Under G. L. c. 119, § 75, as appearing in St. 1964, c. 308, § 7, a District Court, upon dismissing under c. 119, § 61, a delinquency complaint against a juvenile for an alleged offence within its final jurisdiction and issuing an adult complaint against him therefor, lacked jurisdiction to try him on the adult complaint. [534-536]

The provision in G. L. c. 119, § 75, as appearing in St. 1964, c. 308, § 7, that a District Court, upon issuing an adult complaint against a juvenile, "shall," if the defendant "appears to be guilty of the offense or violation" charged, "commit him or bind him over for trial in the superior court according to the usual course of criminal proceedings" is concerned with a District Court hearing on probable cause, and if the defendant appears to be guilty, with a determination of bail; the further provision in § 75 of c. 119 that § 30 of c. 218 "shall apply to any such case" incorporates the requirements of § 30 concerning the transmission of information by the clerk of the District Court to the clerk of the Superior Court. [535-536]

G. L. c. 119, § 61, providing for dismissal of a juvenile complaint if the District Court "is of the opinion that the interests of the public require" trial of the defendant as an adult, is not so vague or lacking in a guiding standard as to violate the due process clause of the Fourteenth Amendment to the Federal Constitution. [536-539]

The jeopardy to which a juvenile is subjected upon the issuance of a delinquency complaint under G. L. c. 119, for an offence within the final jurisdiction of a District Court continues upon dismissal of the complaint under § 61 and issuance of an adult complaint for such offence forthwith pursuant to § 75, as appearing in St. 1964, c. 308, § 7; trial of the defendant upon the adult complaint does not put him twice in jeopardy. [539-542]

A juvenile is entitled to a hearing on the question of dismissal of a delin-

quency complaint by a District Court pursuant to G. L. c. 119, § 61, as
appearing in St. 1964, c. 308, § 2, and to adequate notice thereof. [543]
Where it appeared that a District Court judge held a hearing upon a
   juvenile complaint under G. L. c. 119, that he "found sufficient
   evidence to warrant a finding of delinquency," that he examined the
   probation report on the defendant and his record and found he "was
   not a fit subject for commitment to the Youth Service Board" and
   dismissed the complaint without conducting a separate hearing on the
   dismissal question, that an adult complaint for the same offence was
   then issued, and that the judge dealt with the question of probable cause,
   tried the defendant on the adult complaint without jurisdiction to do so,
   found him guilty and imposed sentence, it was held by this court that all
   findings and orders in the juvenile proceedings in the District Court
   should be vacated, that there should promptly be a new hearing there on
   the juvenile complaint, and that the guilty finding and sentence on the
   adult complaint should be vacated. [542-544]

PETITION for a writ of habeas corpus filed in the Superior
Court on October 25, 1972.

The case was reported without decision by *Ponte,* J.

*Michael Addis (Robert M. Bloom* with him) for the peti-
tioner.

*James T. Morris,* Deputy Assistant Attorney General
*(Edward F. Perlman,* Deputy Assistant Attorney General,
with him) for the respondent.

WILKINS, J. The petitioner, who seeks a writ of habeas
corpus, was found guilty and sentenced in a District Court
on a complaint which was issued following the dismissal of
juvenile proceedings against him. See G. L. c. 119, § 61, as
appearing in St. 1964, c. 308, § 2. He claims that on dismissal
of the juvenile complaint under G. L. c. 119, § 61, the District
Court had no jurisdiction to try him because G. L. c. 119,
§ 75, as appearing in St. 1964, c. 308, § 7, provides that any
trial, after dismissal of juvenile proceedings, must take
place, if at all, in the Superior Court. He makes three addi-
tional claims. He argues that the statutory standard (see
G. L. c. 119, § 61) by which a District Court judge may dis-
miss a juvenile proceeding is unconstitutionally vague and
overbroad. He next contends that when a juvenile complaint
has been dismissed after hearing, as provided in G. L. c. 119,
§ 61, any subsequent trial on the same charge would violate
constitutional protections against double jeopardy. And

finally the petitioner asserts that, although he had adequate notice of the hearing on the juvenile charge, he did not have constitutionally adequate notice that juvenile jurisdiction might be declined, resulting in his being held for trial as an adult.

The case, which is here on a reservation and report to the Appeals Court by a judge of the Superior Court, has been presented on a statement of agreed facts. The case in turn was transferred here for direct review by an order of this court pursuant to G. L. c. 211A, § 10.

On September 5, 1972, when he was fifteen, the petitioner was arraigned as a juvenile in the Fourth District Court of Eastern Middlesex.[1] He was charged with being a delinquent child "in that he did attempt larceny of a motor vehicle." The petitioner was found to be indigent, counsel was assigned to represent him, and he was released on personal recognizance. The case was continued to September 18 and later to September 20. On September 20, a hearing was held in the juvenile session where evidence was received from prosecution and defence witnesses and all parties had an opportunity to cross-examine witnesses. The judge found sufficient evidence to warrant a finding of delinquency on the charge of attempted larceny of a motor vehicle and then requested the probation report. After hearing the probation report and examining the petitioner's record, the judge found that the petitioner was not a fit subject for commitment to the Youth Service Board and dismissed the juvenile complaint.[2]

---

[1] Although the statement of agreed facts does not so indicate, we assume that the petitioner had reached his fourteenth birthday at the time of the alleged offence, with the result that the provisions of § 61 concerning dismissal of a juvenile complaint were applicable to the complaint against him.

[2] At the same time another complaint was dismissed on which the petitioner had been adjudged a delinquent on July 12, 1972, and on which he had been given a suspended two-year sentence to the Youth Service Board. The statement of agreed facts does not show whether the District Court judge made a written finding of the reasons demonstrating that the interests of the public require the dismissal of the juvenile complaints and the trial of the child as an adult. Such written findings were required by Rule 85 of the Rules of the District Courts, as then in effect, and are now required under Rule 85A, effective May 7, 1973.

That same day an adult complaint was issued, and the same attorney who had represented the petitioner on the juvenile complaint was appointed to represent the petitioner. The petitioner thereupon admitted to sufficient facts to warrant a guilty finding,[3] and trial was held immediately before the same judge who had dismissed the juvenile complaint. The petitioner was found guilty and sentenced to a three-month term in the Middlesex house of correction in Billerica, an adult institution. That sentence was suspended, and the petitioner was placed on probation for a period of one year. No appeal was taken.

On October 25, 1972, after hearing, the petitioner's suspended sentence was revoked for violation of the terms of his probation, and the petitioner was committed to the custody of the sheriff of Middlesex County (respondent). Six days later, pending final determination of this petition, the petitioner was released on $2,000 personal recognizance in the Superior Court.

### JURISDICTION OF THE DISTRICT COURT TO TRY THE ADULT COMPLAINT.

The District Court lacked jurisdiction to try the petitioner on the adult complaint. Section 75 of G. L. c. 119, which is set forth in full in the margin,[4] provides that in circumstances such as exist in this case, a judge of the District Court "*shall commit . . . or bind . . .* [the defendant] over for trial *in*

---

[3]Under Rule 85A of the Rules of the District Courts which became effective on May 7, 1973, after the proceedings which are the subject of this petition, a probable cause hearing must now be held before a different judge unless the child shall have waived the probable cause hearing.

[4]General Laws c. 119, § 75, as appearing in St. 1964, c. 308, § 7, reads as follows: "If, under section sixty-one or seventy-two A, the court orders that a delinquency complaint against a person be dismissed, the court shall forthwith cause a criminal complaint to be issued against such person for the alleged offense or violation, cause such complaint to be subscribed by the complainant, and examine on oath the complainant and the witnesses produced by him; and, if the person appears to be guilty of the offense or violation, the court shall commit him or bind him over for trial in the superior court according to the usual course of criminal proceedings. Section thirty of chapter two hundred and eighteen shall apply to any such case, and section sixty-eight of this chapter shall apply to any person committed under this section for failure to recognize, pending a determination by the court that he appears to be guilty and pending final disposition in the superior court."

*the superior court* according to the usual course of criminal proceedings'' (emphasis supplied).

The respondent argues that § 75 should be read so as to permit a trial in the District Court on the adult complaint if the crime is one which is within the final jurisdiction of the District Court, as is the crime charged here (see G. L. c. 218, § 26). He contends that his interpretation is supported by the provision in § 75 that G. L. c. 218, § 30, "shall apply to any such case." Section 30 of G. L. c. 218 is concerned (a) with bind-over hearings in the District Courts of cases involving crimes not within that court's final jurisdiction (see *Myers* v. *Commonwealth,* 363 Mass. 843 [1973]), and (b) with the possible binding over for trial in the Superior Court of defendants in cases involving crimes within the final jurisdiction of the District Court (see *Corey* v. *Commonwealth, ante,* 137).

The respondent further contends that his interpretation of § 75 is supported by the provision that "if the person appears to be guilty of the offense or violation, the court shall commit him or bind him over for trial in the superior court *according to the usual course of criminal proceedings*" (emphasis supplied). From this the respondent argues that "the usual course of criminal proceedings" means that the adult complaint should be treated in the usual way under G. L. c. 218, § 30, just as it would be if issued against an adult.

We believe, however, that the provision that the court shall commit the defendant or bind him over for trial in the Superior Court "according to the usual course of criminal proceedings" is concerned with a hearing on probable cause and not a trial on the merits. Such a conclusion is clearly indicated by the introductory phrase providing for commitment or bind-over "if the person appears to be guilty of the offense or violation." That is a "probable cause" standard and not a standard on which a finding of guilty may be based.

We believe also that the reference in § 75 to G. L. c. 218, § 30, was intended only to incorporate the requirements of § 30 concerning the transmission of information by the clerk

of the applicable District Court to the clerk of the appropriate Superior Court. We fail to see how the reference in § 75 to G. L. c. 218, § 30, can be fairly taken to constitute an implied grant of jurisdiction to the District Court where § 75 explicitly provides for a trial in the Superior Court. Where it is possible, as it is here, a statute should be construed so as to avoid rendering words in that statute meaningless. *Milton* v. *Metropolitan Dist. Commn.* 342 Mass. 222, 225 (1961). *Industrial Natl. Bank* v. *Leo's Used Car Exch. Inc.* 362 Mass. 797, 802 (1973). The argument advanced by the respondent in effect asks us to ignore the words "in the superior court" appearing in § 75.

After a juvenile complaint has been dismissed and an adult complaint has been issued, the only function of a District Court is to hold a probable cause hearing and, if the defendant appears to be guilty, to make an appropriate determination concerning bail.[5]

The petitioner must be discharged from the custody of the respondent because he is being held pursuant to a sentence imposed in a proceeding which the District Court had no jurisdiction to conduct.

We think it appropriate to comment on other issues argued by the petitioner because they involve the nature of future proceedings, if any, which may be conducted with respect to any adult complaint charging the petitioner with the same offence described in the juvenile complaint.

### CONSTITUTIONALITY OF THE STANDARD FOR DECLINING OF JUVENILE JURISDICTION.

The petitioner argues that he can never properly be held on an adult complaint. He contends that the language in G. L. c. 119, § 61, which authorizes a District Court judge to dismiss a juvenile complaint "if the court is of the opinion

---

[5]The view which we take of the role of the District Court after a juvenile complaint has been dismissed is the same as that expressed in Rule 85A of the Rules of the District Courts. That rule provides in part that "[i]f the court shall determine to dismiss the juvenile complaint and try the child as an adult . . ., the case shall be set down for a hearing on the adult criminal complaint as to probable cause to bind over the child to the next sitting of the Superior Court."

that the interests of the public require that . . . [the juvenile] should be tried for said offense or violation" is unconstitutionally vague and overbroad. The petitioner claims that the standard expressed as "the interests of the public" deprives him of his rights under the Fourteenth Amendment to the Constitution of the United States.[6]

The "void for vagueness" argument usually rests on one or both of two theories, either that there has been a delegation of legislative authority with standards for its exercise which are not sufficient to bar arbitrary or discriminatory administrative action or that the statute is so unclear in what it permits or forbids that a person cannot reasonably know what the law expects of him. Neither of these theories is applicable in its normal form to the facts of this case. There is no statutory delegation to an administrative agency. Nor does the asserted vagueness involve the question whether the petitioner's conduct was criminal under some allegedly obscure statutory description of a crime. See *Commonwealth* v. *Carpenter,* 325 Mass. 519 (1950); *Alegata* v. *Commonwealth,* 353 Mass. 287 (1967); *Commonwealth* v. *Brasher,* 359 Mass. 550 (1971). Here we are concerned with a judicial function relating to the procedure to be selected under which an alleged violation of law will be processed.

The petitioner argues in effect that in the standard of the "public interest" there is "so much free play that in the practical course of its operation . . . [the statute] is likely to function erratically—responsive to whim or discrimination." 109 U. of Pa. L. Rev. 67, 90 (1960). We believe, however, that the general standard expressed in G. L. c. 119, § 61, is an adequate guide to the carrying out of the judicial function of declining juvenile jurisdiction. Similar general standards contained in comparable statutes in other States have been upheld. *State* v. *Williams,* 473 S. W. 2d 382 (Mo. 1971). *State* v. *Doyal,* 59 N. M. 454, 460-461 (1955). *Sher-*

---

[6]No claim is made that the judge did not make written findings of the "reasons or considerations" for his determination that the petitioner should be tried on an adult complaint. Rule 85 of the Rules of the District Courts then so required. See now Rule 85A. Nor is there any claim that the reasons found by the judge were not proper reasons in support of his determination.

*field* v. *State,* 511 P. 2d 598, 602 (Okla. Crim. App. 1973). Cf. *United States* v. *Caviness,* 239 F. Supp. 545, 550-551 (D. D. C. 1965) (no express standard); *Lewis* v. *State,* 86 Nev. 889, 893-894 (1970) (no express standard); *In re Correia,* 104 R. I. 251 (1968) (adopting the standards set forth in the appendix to the opinion in *Kent* v. *United States,* 383 U. S. 541, 556-557 [1966], as applicable to a "waiver" statute with no express standard).[7]

In any area where the judicial function is analogous to sentencing, because the particular crime and the record and background of the accused must be given special attention, individual consideration and treatment are inherent in the decisional process. Standards are not constitutionally required in statutes granting judges discretion as to the sentence to be imposed. See *Johnson* v. *State,* 492 S. W. 2d 505, 506 (Tex. Crim. App. 1973).

The petitioner contends further that, because the factors which the court might consider are unknown, the vagueness of the public interest standard prevents him from preparing adequately for the possibility that juvenile jurisdiction will be declined. However, the generality of the public interest standard hardly presents a serious problem for qualified counsel. That standard in fact opens up for consideration any reasonable argument bearing on the course which treatment of the juvenile should follow.

The petitioner finally argues that the "public interest" standard need not be so vague because particular elements for consideration could be stated as guidelines as has been

---

[7]The case of *People* v. *Fields,* 388 Mich. 66 (1972), relied on by the petitioner, involved a statute permitting declination of juvenile jurisdiction. There, by a divided court, the Supreme Court of Michigan held that the statute, which contained no standard at all, was unconstitutional. It is unclear from the majority opinion whether the Michigan court concluded that there had been an invalid delegation of legislative power or whether that court decided that due process considerations require at least a general specification of standards for the carrying out of the judicial function of declining jurisdiction. To the extent that the decision in *People* v. *Fields, supra,* is inconsistent with what we here hold, we decline to follow it. Certainly in acting under G. L. c. 119, § 61, a court is exercising powers which are judicial in nature. See *LaChapelle* v. *United Shoe Mach. Corp.* 318 Mass. 166 (1945); *Strange* v. *Powers,* 358 Mass. 126, 134-135 (1970). See also G. L. c. 218, § 30; *People* v. *Long,* 415 Ill. 599, 601 (1953).

done in certain State "waiver" statutes.[8] Although it is clear that factors which should be given consideration could be listed in such a statute, the collective effect of those individual factors, if properly and fully articulated, can only produce a balancing which involves a consideration of the requirements of the interests of the public in the broadest sense.

Because, as we have held, § 61 is not so vague as to bar proceedings against the petitioner on an adult complaint following the dismissal of a juvenile complaint, we consider next whether it would be a violation of the principles of double jeopardy to permit the petitioner to be charged in an adult complaint.

### DOUBLE JEOPARDY.

The petitioner asserts that his right under the Fifth and Fourteenth Amendments to the Constitution of the United States not to be twice placed in jeopardy was violated when he was tried on the adult complaint following dismissal of the juvenile complaint charging the same offence. Because of what we have already held concerning the lack of jurisdiction in the District Court to try the petitioner on the adult complaint, we need not deal with the double jeopardy argument in the context of that trial.[9] However, the double jeopardy question is important with respect to the right of the Commonwealth hereafter to try the petitioner on that or any other adult complaint charging the same violation of law.

---

[8]Rule 85A of the Rules of the District Courts states that on the question whether to try the child as an adult "the court shall consider factors such as: (1) the seriousness of the alleged offense; (2) the child's family, school and social history, including his court and juvenile delinquency record, if any; (3) the apparent emotional, social and psychological condition of the child; and (4) adequate protection of the public, the likelihood of rehabilitation of the child and the rehabilitation facilities available." See *Kent* v. *United States,* 383 U.S. 541, 566-569 (1966), for judicially adopted standards, which have since been rescinded. *Id.* at 546, n. 4.

[9]The petitioner rightly does not base his double jeopardy argument on the circumstance that he has now been tried on the adult complaint in the District Court. The District Court had no jurisdiction to try the adult charge. A "retrial" is, therefore, not barred. *D'Urbano* v. *Commonwealth,* 345 Mass. 466, 472-473 (1963). *Commonwealth* v. *Chase,* 348 Mass. 100, 105-106 (1964). Nor is a reconsideration of the judge's action on the juvenile complaints barred by double jeopardy principles, because the petitioner is himself seeking such reconsideration. See *Commonwealth* v. *Gallo,* 344 Mass. 453, 455 (1962); *United States* v. *Tateo,* 377 U.S. 463, 465-466 (1964).

If, once a hearing on the juvenile complaint is commenced, any subsequent trial on an adult complaint concerning the same charge would violate the constitutional protection against being placed twice in jeopardy, clearly no adult proceedings could properly be brought against the petitioner. Indeed, if the petitioner's argument is accepted, the present statutory arrangement by which adult complaints may be issued against juveniles would be constitutionally improper. Except as to minor motor vehicle offences, proceedings against a juvenile who has not attained his seventeenth birthday must be initiated at the District Court level, and no criminal proceeding may be commenced elsewhere until a juvenile complaint has been begun and dismissed. G. L. c. 119, § 74, as appearing in St. 1967, c. 787. If the dismissal of a juvenile complaint is a statutory condition precedent to the commencement of adult proceedings and if, as the petitioner argues, the Constitution of the United States bars any subsequent proceedings in the circumstances, no adult proceedings could ever be commenced against a juvenile regardless of the seriousness of the crime or any other circumstance. If such a result is constitutionally required, we, of course, must reach it. We conclude, however, that constitutional concepts of double jeopardy do not require such a result and that an adult complaint may properly be issued against a juvenile who committed an offence while between his fourteenth and seventeenth birthdays.

We accept the petitioner's argument that the Fifth Amendment guaranty against being placed in jeopardy twice applies generally to the States through the Fourteenth Amendment (*Benton* v. *Maryland,* 395 U.S. 784 [1969]) and bars a second prosecution for the same offence after either acquittal or conviction. *North Carolina* v. *Pearce,* 395 U. S. 711, 717 (1969). We further accept the petitioner's contention that the conclusory assertion that juvenile proceedings are "civil" and not "criminal proceedings" is not an adequate answer to the claim of constitutional rights embraced in the concept of double jeopardy. See *In re Gault,* 387 U. S. 1, 49-50 (1967); *In re Winship,* 397 U. S. 358, 365-366 (1970); *McKeiver* v.

*Pennsylvania,* 403 U. S. 528, 541 (1971). Additionally we agree that the principles of double jeopardy are sufficiently fundamental so that they extend to proceedings against juveniles. See *In re Gault, supra; In re Winship, supra,* p. 368. Cf. *McKeiver* v. *Pennsylvania, supra,* (juvenile not constitutionally entitled to trial by jury). And finally we will accept, for the purposes of this case, the petitioner's contention that jeopardy attaches when the juvenile proceedings commence because, even if no adult complaint is issued, there are substantial restraints which may be imposed on the juvenile on a finding of delinquency. See G. L. c. 119, § 58, as amended through St. 1973, c. 925, § 42; G. L. c. 120, § 6, as amended through St. 1969, c. 838, § 34.

Granting all of these arguments advanced by the petitioner does not, however, result in the petitioner's being put twice in jeopardy. When juvenile proceedings commence against a juvenile for an offence committed between his fourteenth and seventeenth birthdays, there are two procedures under which the matter may be handled. One is that the matter will remain a juvenile proceeding to its conclusion. The other is that before the judge has adjudged the alleged offender to be delinquent, the judge will conclude that the matter should be transferred for disposition under procedures applicable to adults. To be sure, the juvenile complaint is dismissed. However, by statute an adult complaint must be issued forthwith. G. L. c. 119, § 75. The dismissal of the juvenile complaint and the issuance of an adult complaint are contemplated by the statute (G. L. c. 119, § 75) to be in effect one event, and, as such, any jeopardy to which a juvenile was initially subjected under the juvenile complaint continues under the adult complaint.

In substantially similar circumstances other courts have also applied the concept of a single, continuing jeopardy to the transfer of a minor for criminal prosecution. *Jones* v. *Breed,* 343 F. Supp. 690, 692 (C. D. Cal. 1972). *Bryan* v. *Superior Court of Los Angeles County,* 7 Cal. 3d 575, 580-584 (1972). *People* v. *Brown,* 13 Cal. App. 3d 876, 880-881 (1970), cert. den. sub nom. *Brown* v. *California,* 404 U. S.

835 (1971). *In re J.* 17 Cal. App. 3d 704, 709-710 (1971). *People* v. *McFarland,* 17 Cal. App. 3d 807, 814-815 (1972). *Carter* v. *Murphy,* 465 S. W. 2d 28, 32 (Mo. Ct. App. 1971). See *In re Mack,* 22 Ohio App. 2d 201, 204 (1970). Cf. *United States* v. *Dickerson,* 271 F. 2d 487 (D. C. Cir. 1959). We have found no contrary authority.[10] We note that our somewhat analogous procedure by which a judge of the District Court may either decide a criminal proceeding within its final jurisdiction or decline jurisdiction and bind the defendant over for the Superior Court has been held to raise no double jeopardy question of substance. *Burhoe* v. *Byrne,* 289 F. Supp. 408, 411 (D. Mass. 1968). Cf. *Commonwealth* v. *Rice,* 216 Mass. 480, 482-483 (1914).[11]

### THE VALIDITY OF PROCEDURES CONCERNING THE DISMISSAL OF THE JUVENILE COMPLAINT.

The petitioner argues finally that the hearing concerning the declination of jurisdiction was held in an unconstitutional manner. He contends that he had insufficient notice that the court would consider declining juvenile jurisdiction when it did.

The statement of agreed facts provides us very little concerning the events which took place in the District Court on the issue of the declination of juvenile jurisdiction. We are informed that after hearing testimony on the complaint, the judge "found sufficient evidence to warrant a finding of delinquency on the charge of attempted larceny of a motor

---

[10]The result we have reached has, however, been criticised. 14 Wm. and Mary L. Rev. 266, 302 (1972). Any double jeopardy question would be eliminated if the question of declining jurisdiction were considered prior to a hearing on the merits of the juvenile complaint as is provided in the Uniform Juvenile Court Act and other models. 14 Wm. and Mary L. Rev. at pp. 295, 304. Rule 85A of the Rules of the District Courts provides that a separate hearing on "whether to dismiss the juvenile complaint and to try the child as an adult for the offense" should take place if at all, "after the hearing on the juvenile complaint." Such a sequence assures that before the judge reaches a conclusion whether a finding of delinquency should be made, he does not have before him information which has no bearing on the question of delinquency.

[11]In such cases the District Court judge should announce, *"before the hearing commences,"* whether he is conducting a probable cause hearing or a full trial on the merits. *Corey* v. *Commonwealth, ante,* 137, 141-142, n. 7.

vehicle and requested the probation report." "After hearing the probation report and examining the [p]etitioner's record, . . . [the judge] made a finding that the [p]etitioner was not a fit subject for commitment to the Youth Service Board" and dismissed the complaint. The adult complaint was then issued; the same counsel was assigned to the petitioner who represented him on the juvenile complaint; a sufficiency of facts to warrant a guilty finding was admitted; trial was held; and the petitioner was found guilty and given a suspended sentence and put on probation for one year.

We accept the petitioner's argument that he was entitled to a hearing on the question of declining juvenile jurisdiction and to adequate notice of that hearing so that he could prepare for it. See now Rule 85A of the Rules of the District Courts, providing that if the court deems necessary a consideration of dismissing the juvenile complaint, "the court shall, subject to a continuance if requested by the child, proceed to hold a separate hearing on this question." See also Rule 83, as now amended. However, there is no showing that the petitioner or his counsel were not prepared for such a hearing or that either objected to the proceeding conducted by the judge. As we have said elsewhere, there was adequate notice that the question of dismissal might be raised, "for the terms of the statute itself, fairly read, give warning of that possibility." *Commonwealth* v. *A Juvenile,* 363 Mass. 640, 642 (1973). We are not confronted, as in the case just cited, with counsel, unfamiliar with the practice or the statute, who expected the issue of the dismissal of the juvenile complaints would be dealt with at a second hearing and who made "a reasoned request for a short continuance." *Id.* at 642.

We do, however, see in the statement of agreed facts a suggestion that the judge merely asked for the probation report and examined the petitioner's record without conducting a separate hearing on the dismissal question. We also know that on that same day the same judge dealt with the question of probable cause and conducted a trial which, as we have held, was beyond the jurisdiction of the court to do. It is

possible that the judge was influenced to dismiss the juvenile complaint because of his expectation as to the procedures which could promptly follow his decision to dismiss that complaint. He might have reached a different conclusion concerning the effect on the petitioner of the declining of juvenile jurisdiction if he had known that an indictment by a grand jury and a Superior Court trial were possible consequences of his action. We note the statutory mandate that § 61 (and other sections of G. L. c. 119) "be liberally construed so that the . . . discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that, as far as practicable, they shall be treated, not as criminals, but as children in need of aid, encouragement and guidance." G. L. c. 119, § 53. We believe that proper treatment of the petitioner calls for a reconsideration of all aspects of the complaint against the petitioner in a new juvenile proceeding.

## CONCLUSION.

In the circumstances all findings and orders in the proceedings in the juvenile session of the District Court on September 20, 1972, shall be vacated and there shall promptly be a new hearing on both the juvenile complaints which were considered on that date, in accordance with the statute and the Rules of the District Courts, as amended. As indicated earlier, the guilty finding and sentence on the adult complaint shall be vacated, and the petitioner shall be discharged from the custody of the respondent.

*So ordered.*