COMMONWEALTH *vs.* MICHAEL H. WHITE (No. 1).

Suffolk.    April 2, 1974. — May 13, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*District Court,* Delinquent child.    *Boston Juvenile Court.    Delinquent Child.    Superior Court,* Jurisdiction.    *Jurisdiction,* Delinquent child.    *Constitutional Law,* Due process of law.    *Rules of Court.*

The rules of the District Courts do not apply to the Boston Juvenile Court. [305-306]

Where a judge of the Boston Juvenile Court, in dismissing juvenile complaints against a boy between fourteen and seventeen years of age

---

when he allegedly committed several serious offences and binding him over for the grand jury, merely found that the "public good" or the "public interest" required that the boy "be treated as an adult and not as a juvenile," and a judge of the Superior Court made certain findings and concluded that there was "adequate basis" for the finding of the judge of the Boston Juvenile Court, it was held that the boy was not deprived of any constitutional right by the absence of any statement by the judge of the Boston Juvenile Court of his reasons for dismissing the juvenile complaints. [306-307]

A juvenile was not deprived of due process of law in that he was not given specific notice that the matter of dismissal of juvenile complaints against him and binding him over for the grand jury might be taken up at the hearing on the merits of the juvenile complaints; G. L. c. 119, § 61, itself, adequately furnishes such notice. [307]

G. L. c. 119, § 61, permitting dismissal of a juvenile complaint "if the court is of the opinion that the interests of the public require that . . . [the child] should be tried for . . . [the charge alleged in the complaint] instead of being dealt with as a delinquent child," is not unconstitutional for vagueness. [307]

FOUR INDICTMENTS found and returned in the Superior Court on September 15, 1971.

A motion to dismiss the indictments was heard by *Moynihan*, J., and the cases were heard by *Connolly*, J.

*Kay Hodge* for the defendant.

*Louis M. Nordlinger*, Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.    This case and two other cases involving the same defendant[1] raise questions as to the procedure for binding over a juvenile from the Boston Juvenile Court for trial as an adult in the Superior Court. G. L. c. 119, § 61, as appearing in St. 1964, c. 308, § 2. We hold that the proceedings in the Boston Juvenile Court were not subject to Rule 85 of the Rules of the District Courts, as adopted March 4, 1969, and that statutory and constitutional

adequate provision of transportation, water, sewerage, schools, parks and other public requirements; to conserve the value of land and buildings; to encourage the most appropriate use of land throughout the city or town; and to preserve and increase its amenities."

[1] *Commonwealth* v. *White (No. 2), post,* 307 and *Commonwealth* v. *White No. 3), post,* 312.

requirements were met. We therefore affirm judgments on four indictments as to which the defendant admitted to a finding of guilty in the Superior Court.

The defendant, then aged fifteen years and eleven months, was arrested on Saturday, July 17, 1971. He appeared in the Boston Juvenile Court on Monday, July 19, accompanied by his mother and counsel. After hearings in that court on July 28, August 3, and August 6, 1971, juvenile complaints against him were dismissed, criminal complaints were issued, and the judge found probable cause and bound him over for the grand jury. He was later indicted for fourteen offences, including armed robbery, assault with intent to rob, assault with intent to murder, larceny from the person, and violations of the narcotic drug laws.

In the Superior Court he moved to dismiss the indictments because of alleged irregularities in the Juvenile Court proceedings. We summarize the findings of the Superior Court judge. In the Juvenile Court, where the defendant was represented by counsel, he and his mother were given copies of the complaints, each bearing on the reverse side a statement of "Rights of a Juvenile." The statement consisted of nine items, including "(8) You may for cause, request a continuance of the hearing. (9) Any questions relating to your rights may be submitted by you to the Court at the hearing." The Juvenile Court record recited "that the public interest [as to some complaints, 'the public good'] requires that the defendant be treated as an adult and not as a juvenile."

The Superior Court judge found "that there was adequate basis" for that finding: "At the time of his appearance in the Juvenile Court the defendant had the appearance of greater maturity than a normal child of his age. He was six feet four inches in height and weighed approximately 175 pounds. In view of the extreme seriousness of the charges against the defendant, his obvious maturity, and the dangers that were to be apprehended from his association with less mature children, the Juvenile Court judge

could properly conclude that the public interest required the dismissal of the juvenile proceeding."

The Superior Court judge ruled "that the Juvenile Court judge was not required to make extensive and detailed findings to show the basis for his conclusions. I further rule that he was not required to elaborate in more detail the reasons for his conclusions." He was "of the opinion that the rules of the District Court are not applicable to the Boston Juvenile Court." Even if they were applicable, "the failure to comply with them would not vitiate the issuance of the indictments against this defendant. It does not appear that the defendant's counsel at any time made any objection to the procedure in the Boston Juvenile Court." The motion to dismiss was denied on December 13, 1972.

On April 11, 1973, the defendant was convicted by a jury in the Superior Court on two indictments (so much of No. 58910, for armed assault with intent to murder, as charged armed assault; and No. 58911 for armed assault with intent to rob—see *Commonwealth* v. *White* [*No. 2*], *post*, 307). He then changed his pleas to guilty on the four indictments involved in the present case (No. 58906 for unlawful possession of a hypodermic needle, No. 58907 for unlawful possession of a hypodermic syringe, No. 58908 for unlawful possession of heroin, and No. 58909 for assault with intent to rob while armed with a dangerous weapon). On April 25 sentences were imposed on these six indictments. On May 14 he was convicted on two additional indictments (No. 58905 and No. 58985, both for armed robbery—see *Commonwealth* v. *White* [*No. 3*], *post*, 312) and sentenced. On May 25 he was permitted to withdraw his pleas of guilty to the four indictments involved here; he waived his right to trial by jury, was found guilty, and was sentenced, this time to four terms at the Massachusetts Correctional Institution, Concord, all concurrent with an indeterminate term under Indictment No. 58910.[2]

In each of the three cases, the defendant appealed under

_____

[2] This procedure was apparently designed to make possible the consolidation of all the defendant's appeals.

G. L. c. 278, § § 33A-33G. A justice of the Appeals Court allowed a motion to consolidate the three appeals, and they were transferred to this court and briefed and argued together.

1. *District Court rules.* We agree with the Superior Court judge that the Rules of the District Courts did not apply to the Boston Juvenile Court. We recognize of course the advantages of uniformity throughout the Commonwealth in rules of procedure for juvenile cases, as do the judges who conduct juvenile proceedings. The statement of "Rights of a Juvenile" accompanying the complaints given to the defendant was substantially identical to what was then required by Rule 83 of the Rules of the District Courts, adopted March 4, 1969.[3] But the Boston Juvenile Court, established by St. 1906, c. 489, § 1, is not one of the "district courts" listed in G. L. c. 218, § 1. Its jurisdiction and procedure, like those of three other juvenile courts, are provided for in G. L. c. 218, §§ 57-60, as amended. See *Opinion of the Justices*, 323 Mass. 769, 772 (1948).

The power of the chief justice of the District Courts to "promulgate uniform rules" extends to "juvenile proceedings," but such rules do not apply to the Boston Municipal Court. G. L. c. 218, § 43, as appearing in St. 1963, c. 810, § 6. He has "general superintendence of all district courts," other than the Boston Municipal Court. G. L. c. 218, § 43A, as appearing in St. 1963, c. 810, § 7. He is to "prescribe official forms to be used in all district courts, except in the county of Suffolk." G. L. c. 218, § 43B, as appearing in St. 1963, c. 810, § 8. "Except as otherwise provided by law" the special juvenile courts "have . . . the same . . . procedure as district courts; and all laws relating to district courts or municipal courts in their respective counties or officials thereof or proceedings therein, shall, as far as applicable, apply to said courts." G. L. c. 218, § 59, as

---

[3] Rules 83 and 85 were amended and Rule 85A inserted, effective May 7, 1973. See *Commonwealth* v. *A Juvenile,* 363 Mass. 640, 642 (1973); *A Juvenile, petitioner,* 364 Mass. 531, 543 (1974). Rule III of the Rules of the Boston Juvenile Court, adopted September 4, 1973, is virtually the same as Rule 85A of the Rules of the District Courts.

amended by St. 1969, c. 859, § 16A. They "may, from time to time, make general rules in reference to, and provide forms of, procedure." G. L. c. 218, § 60, as amended by St. 1969, c. 859, § 17.

These statutes are not entirely harmonious, but we think their effect is that the Boston Juvenile Court is not subject to the Rules of the District Courts. This appears to be the view which has been followed in the Boston Juvenile Court. That court has jurisdiction within the territorial limits prescribed for both the Boston Municipal Court and the Municipal Court of the Roxbury District. G. L. c. 218, §§ 1, 57, as appearing in St. 1965, c. 659, §§ 4, 5. But we do not think expansion into the Roxbury District was intended to change the governing procedure. The Boston Municipal Court has no jurisdiction over juvenile cases and has promulgated no special rules for such cases. See G. L. c. 218, § 60, as appearing in St. 1969, c. 859, § 17. At the time of the proceedings here under review, the Boston Juvenile Court had no such rules.

Contrary to the defendant's contention, therefore, Rule 85 of the Rules of the District Courts, adopted March 4, 1969,[4] did not apply to these cases. We need not consider what effect a failure to comply with that rule would have if it were applicable. Compare *Commonwealth* v. *A Juvenile*, 363 Mass. 640, 641-642 (1973), with *A Juvenile, petitioner*, 364 Mass. 531, 543-544 (1974).

2. *Statutory and constitutional requirements.* Before criminal proceedings may be begun against a child between fourteen and seventeen years of age, juvenile proceedings against him must be begun and dismissed. G. L. c. 119, §§ 52, 61, 74, as amended. *Metcalf* v. *Commonwealth,* 338 Mass. 648, 655 (1959). *Nassar* v. *Commonwealth*, 341 Mass. 584, 588 (1961). *Commonwealth* v. *Chase*, 348 Mass. 100, 104 (1964). This procedure was followed here, and the judge

---

[4] "In every case where the court shall determine that such a child should be tried for an offense or violation, instead of being dealt with as a wayward or delinquent child, such child shall be represented by counsel. *Such determination shall be accompanied by a finding in writing of the reasons or considerations therefor"* (emphasis supplied). See n. 3 as to the 1973 amendment.

of the Boston Juvenile Court made the finding required by § 61. In this situation, "no constitutional rights of the defendant were violated by the failure of the Boston Juvenile Court to make a record of his juvenile hearing or by the failure of the Boston Juvenile Court judge to file a written statement of his findings and reasons for dismissing the juvenile complaint." *Commonwealth* v. *Roberts,* 362 Mass. 357, 368-369 (1972). The defendant was afforded a full opportunity to be heard and a statement of reasons in the Superior Court, and we think any constitutional requirement of a statement of reasons was satisfied. The defendant "was not deprived of notice that the question of dismissal might be considered in addition to the merits at a single hearing, for the terms of the statute itself, fairly read, give warning of that possibility." *Commonwealth* v. *A Juvenile,* 363 Mass. 640, 641-642 (1973). Nor is the statute unconstitutionally vague. *A Juvenile, petitioner,* 364 Mass. 531, 536-539 (1974).

*Judgments affirmed.*