[No. 6688.]

## THE PEOPLE v. LANGE.

1.  **Constitutional Law — Delegation of Legislative Power —** The general assembly cannot delegate to any other person or body, authority ·to declare what acts shall constitute a crime. —(429)

But it is within the police power to invest in a public board power to determine when an infectious or contagious disease exists among the domestic animals of the state, or when the live stock of the state has been exposed to such disease, and to compel such treatment as will prevent its spread.—(431)

2.  **Statutes—Repeal by Implication—**As a general rule a later and more specific statute repeals a prior and more general enactment.—(431)

Secs. 3, 14, c. 170, Laws 1903 (Rev. Stats., secs. 6390, 6404) are repealed by sec. 1, of c. 122 of the Laws of 1905 (Rev. Stats., 6401).—(430, 431)

*Error to Cheyenne County Court*—Hon. W. S. MORRIS, Judge.

Mr. FRANK J. BAKER, and Mr. P. M. KISTLER, for plaintiff in error.

Messrs. VANATTA & DOLPH, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The statute. creating the state board of stock inspection commissioners contains these provisions:

Sec. 6390. "Said board shall make such rules and regulations touching the manner of inspection of brands and live stock, and affecting quarantine and sanitary conditions, as they shall deem proper; Provided, That the same do not conflict with this act."

Sec. 6404. "Any person or corporation who shall violate or disregard any brand, quarantine or sanitary provision of this act, or any brand, sanitary or quarantine regulation or order of the

board, made in pursuance of its official duties, shall be guilty of a misdemeanor and upon conviction thereof shall be fined in the sum of not more than five hundred (500) dollars or imprisonment in the county jail for a period not to exceed one (1) year or by both such fine and imprisonment.''

The information filed in the county court of Cheyenne county charges that the defendant violated certain rules and regulations adopted by the state board as a sanitary regulation, and deemed by the board necessary to prevent the spread of infectious and contagious diseases among the cattle of the state, and after it was demanded of him, by the board, that the cattle owned by him, on a certain ranch, be sprayed and dipped, as provided by the regulations of the board.

The defendant demurred to the information, upon the ground that the statute is unconstitutional and void, in so far as it attempts to confer upon the said board the power of declaring what acts or omissions should constitute a misdemeanor, for the reason that such powers could not be lawfully delegated to such board by the general assembly. The demurrer was sustained and the defendant discharged.

In the performance of his duty, as required by sec. 1997, Rev. Stats. of 1908, the district attorney has sued out this writ of error to review the judgment of the county court. The county judge, in discharging the defendant, declared the statute unconstitutional, in so far as the legislature delegated to the board the power to declare, by rules and regulations, what acts should constitute a misdemeanor.

The people have confided to the general assembly the power of declaring what acts or omissions shall constitute a crime, but they have not confided to the general assembly the authority to transfer

this power to any other person or body.   Whether
the legislature, in the act under consideration, has
or has not delegated its authority to the board of
stock inspection commissioners, we shall not deter-
mine.   We shall, however, affirm the judgment for
reasons convincing us that the section upon which
the state relied to convict the defendant has been re-
pealed, to the extent hereafter stated, by a later
statute.

By the act of 1905, Rev. Stats. of 1908, sec. 6401,
it is provided, that whenever it shall become known
to the state board of stock inspection commissioners,
that infectious or contagious diseases exist among
the domestic animals of any section of the state, it
shall become the duty of the board to take such steps
as will prevent the spread of such disease, and the
board is empowered to compel the dipping, spraying
or such other treatment of said animals under such
rules and regulations as the board may adopt.   And
the board is empowered to order the owners of such
animals as it may find to be infected, or to have been
exposed to such disease, to spray, dip or otherwise
treat the said animals.   If the owner or persons in
charge of the animals ordered treated shall fail to
treat the animals as ordered by the board, then the
board is authorized to seize the animals and cause
them to be treated, and hold them and sell them to
pay costs of inspection, the care and treatment of
them, and the costs of sale.

The rules and regulations of the board, except
matters of administrative detail, were superseded by
the act of 1905, and it being a later and a more spe-
cific act, it repealed the general provision of the law
of 1903, declaring a violation of the rules and regula-
tions of the board to be a misdemeanor.   For, as
stated by Mr. Justice Redfield of the supreme court
of Vermont:   ''I know of no rule of construction of

statutes of more universal application, than that later and more specific statutes do, as a general rule, supersede former and more general statutes, so far as the new and more specific provisions go."— *Isham, Adm'r, v. Bennington Iron Co. et al.*, 19 Vt. 249.

We presume that the act of 1905, being the latest expression of the legislative will on the subject, contains every provision deemed necessary to fully protect the domestic animals from contagious and infectious diseases, and as no mention is made of any other penalty for failure to observe the rules and regulations of the board than of empowering the board to sell the animals, for the purpose of paying all expenses incurred in treating and caring for them, we assume the legislature intended to impose no other.

The authority of the legislature to enact laws for the protection of domestic animals, and to prevent the spread of infectious or contagious diseases among them, is everywhere recognized as a valid exercise of the police power of the state.

In the exercise of such power, it becomes necessary to vest in some person or board, the discretion of determining when an emergency exists, and when the means afforded shall be employed to abate a menacing condition. The state board of stock inspection commissioners is but an auxiliary of the state government, and it is entirely competent for the legislature to vest in such board, authority to determine when an infectious or contagious disease exists among the domestic animals, or when the domestic animals have been exposed to such disease, and to authorize the board to compel such treatment as will, in its judgment, prevent the spread of the disease.

We find nothing in the act of 1905, violative of the constitution, but we must affirm the judgment

discharging the defendant, for the reason that sec. 6404, Rev. Stats. of 1908, has been repealed in so far as it makes it a misdemeanor to violate the rules and regulations of the board, upon the subject covered by the later and specific act of 1905.          *Affirmed.*

Decision *en banc.*

Mr. Justice Campbell not participating.

———

Mr. Justice Gabbert concurring specially.

The judgment of the trial court should be affirmed for the reasons given by that tribunal, in sustaining the demurrer, namely, that the law under which the defendant was being prosecuted is unconstitutional. The legislature cannot delegate its authority in the manner attempted to a board of stock commissioners, to make rules and regulations, the violation of which would be a misdemeanor. Had the legislature provided that a failure on the part of a stock owner to observe prescribed sanitary and quarantine regulations should be an offense, it might have delegated the power to the board to determine, as a fact, under rules which it was authorized to prescribe, what would constitute a violation of such regulations, or when they should be enforced, but no further; or, as held in effect, in some of the cases on the subject in defining the line beyond which the legislature may not go in delegating its power, the legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. That is as far as the best considered cases on the subject of delegation of authority by a legislative body go.

In the case at bar it will be observed that the statute does not prescribe any rules or regulations, or that a violation of any substantive offense which it

defines, or of any regulations which it provides, shall constitute an offense; but leaves the whole matter of making rules and regulations touching the manner of inspection of brands, and affecting quarantine and sanitary conditions to the board, thus leaving to that body the power to make rules having the force and effect of law, the violation of which is declared to be a misdemeanor. In short, the legislature has not defined any offense, or made any act penal, but has delegated this authority to the board. This, it is submitted, the legislature cannot do.

The act of 1905 does not repeal the act of 1903. The earlier act was intended to provide for a prosecution against one who violated rules and regulations prescribed by the board. The later act does not attempt in any way to modify or supplant this provision, but merely provides under what conditions the board may cause infected animals to be treated, so as to prevent the spread of disease. Both stand independent, and are merely supplementary to each other.