No. 18,882.

WILLIAM R. CASEY *v.* PEOPLE OF THE STATE OF COLORADO.
(336 P. [2d] 308)

Decided March 9, 1959.

Mr. WILLIAM R. CASEY, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

CASEY was defendant in a justice of the peace court in a misdemeanor prosecution for failure to secure a trailer court license. The People there alleged that the operation of his trailer court was contrary to the rules and regulations of the Board of Health of the Tri-County District Health Department and contrary to the statutes of the State of Colorado. The jury verdict was that Casey was guilty as charged. Appeal was taken to the County Court where defendant was again found guilty. Motion for new trial was denied and Casey is here by writ of error.

He alleges several grounds for reversal, only one of which is necessary to determine the matter here. In substance this relates to whether C.R.S. '53, 66-2-7 (4), has unlawfully delegated power to adopt rules and regulations to the various local boards of health, while at the same time providing by C.R.S. '53, 66-2-14, that the violation of any such rules and regulations shall be a misdemeanor subject to a fine of $1000.00 or one year's imprisonment, or both penalties?

As to this ground the Attorney General, in his brief, has commendably admitted on behalf of the People that, "Thus it appears that the legislature has delegated to the executive department the power to define a crime in violation of Article III of the Colorado Constitution. *People v. Lange* (1910), 48 Colo. 428, 110 Pac. 68; *Sapero v. State Board* (1932), 90 Colo. 568, 11 P. (2d) 555." With this conclusion we are in agreement and add that we appreciate the candor and fairness of the Attorney

General in so readily acknowledging the sound basic principle involved.

▇ Only the legislature may declare an act to be a crime. *People v. Lange,* supra. That precious power cannot be delegated to others not elected by or responsible to the People. As stated in 16 C.J.S. 580, "Constitutional Law," Section 138:

"Executive officers, boards or commissions may not be authorized by the legislature to promulgate rules and regulations of a strictly and exclusively legislative character. The legislature may not vest executive officers or bodies with uncontrolled discretion in making rules and regulations and must establish sufficient standards for their guidance."

In *Sapero v. State Board,* supra, it is stated that though the power to make a law may not be delegated, the power to determine a state of facts upon which the law depends may be delegated. This principle was reaffirmed in *Hazlet v. Gaunt* (1952), 126 Colo. 385, 250 P. (2d) 188, and in *Prouty v. Heron* (1953), 127 Colo. 168, 255 P. (2d) 755.

In *Spears Hospital v. State Board* (1950), 122 Colo. 147, 151, 220 P. (2d) 872, it was stated that, " * * * it is fundamental that authority to regulate (by a proper board) does not include the authority to legislate * * *."

▇ In the instant case the Tri-County Health Department, acting pursuant to the power purportedly granted by C.R.S. '53, 66-2-7, promulgated rules and regulations pertaining to trailer camps which required that an operator thereof obtain a permit from the Health Department before operating such a camp. Failure to do so subjects him to prosecution and punishment for a crime. In our opinion the legislature cannot lawfully delegate its power of defining a crime to the district or county health departments.

The Attorney General also has candidly conceded that in the instant case "the evidence fails to sustain the conviction." In view of our finding we need not comment

thereon since the entire proceedings below must fail due to the unconstitutional delegation of power by the state legislature.

The judgment is reversed.