No. 24533.

THE PEOPLE OF THE STATE OF COLORADO, EX REL., DUKE W. DUNBAR, ATTORNEY GENERAL OF THE STATE OF COLORADO, AND THE COLORADO DEPARTMENT OF HEALTH *v.* MIKE GIORDANO AND NANCY GIORDANO, INDIVIDUALLY AND D/B/A THE SPA.

(481 P.2d 415)

Decided March 1, 1971.

568

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, William Tucker, Assistant, for plaintiffs in error The People of the State of Colorado, ex rel., Duke W. Dunbar, Attorney General.

DAVID F. FOSTER, for plaintiff in error The Colorado Department of Health.

ROBERT C. DUTHIE, for defendants in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE State, as the plaintiff in the trial court, sought to enjoin the defendants from operating a public bathing facility in violation of sanitary regulations promulgated by the Colorado Department of Health. These regulations were adopted in January 1967 pursuant to C.R.S. 1963, 66-1-7(1)(14). The trial court found that the defendants had not complied with these regulations, and that the regulations as minimum standards were not unreasonable. The trial court, however, entered judgment in favor of the defendants on the basis of its ruling that the statute is unconstitutional because it involves an unlawful delegation of authority by the legislature to the department of health. We reverse and hold that the statute is constitutional and that these regulations are therefore valid.

The regulations provide, among other things, for several alternate methods by which public baths must be maintained in order to keep the baths free of disease organisms. Among the alternate methods provided are: (1) recirculation and filtering of the water and the maintenance of a minimum chlorine residual level; or (2) complete drainage and cleaning of the bath after each usage by an individual bather; or (3) flow-through of fresh water at such a rate that there will be a complete change of water in a specified period of time.

The above regulations and others requiring toilets, showers, dressing facilities and related appurtenances of public baths to be maintained in a clean condition were promulgated and adopted under the authority of

C.R.S. 1963, 66-1-7(1)(14). The trial court declared this statute unconstitutional because it is

"... an unconstitutional delegation of authority by the legislature to the plaintiff [department of health] to establish standards and make regulations without adequate guidelines."

C.R.S. 1963, 66-1-7(1) states that the department of health shall have the power and duty:

"(14) To establish and enforce sanitary standards for the operation and maintenance of orphanges (sic) day care nurseries, foster homes, summer camps for children, lodging houses, hotels, public conveyances and stations, schools, factories, workshops, industrial and labor camps, recreational resorts and camps, swimming pools, public baths, and other buildings, centers and places used for public gatherings;"

Although the trial court did not mention it, we believe that the following subsection of C.R.S. 1963, 66-1-7 is pertinent because it relates to guidelines and the scope of the department of health's authority in adopting standards or regulations for the protection of the public health:

"(19) The phrase 'minimum general sanitary standards' as used in this section shall mean the minimum standards reasonably consistent with protection of the public health, and in the case of minimum general sanitary standards as to the quality of water supplied to the public, the same shall in no event be less than the drinking water standards of the United States Public Health Service. *The word 'standards' as used in this section shall mean standards reasonably designed to promote and protect the public health;*" (Emphasis added.)

■ It is a general rule of law that a legislative body may not delegate the power to make a law or define a law, but it may delegate the power to determine some fact or state of things to effecuate the purpose of the law. This rule of law has been adhered to in many Colorado cases, the most recent of which are: *Asphalt Paving*

*Company v. Board of County Commissioners,* 162 Colo. 254, 425 P.2d 289; *State Board of Cosmotology v. Maddux,* 162 Colo. 550, 428 P.2d 936; *Swisher v. Brown,* 157 Colo. 378, 402 P.2d 621; *Colorado Anti-Discrimination v. Case,* 151 Colo. 235, 380 P.2d 34; *Casey v. People,* 139 Colo. 89, 336 P.2d 308; and *Union Pacific v. Commission,* 131 Colo. 528, 284 P.2d 242.

▉ This rule of law and the rationale behind it, is set forth succinctly in *Field v. Clark,* 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294:

" 'The true distinction,' * * * 'is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made.' "

▉ In upholding the legislature's delegation of authority in the Marketing Act of 1939, this court in *Swisher, supra,* stated:

"The constitutional question raised is whether in delegating such authority, the legislature completed its job of making the law by establishing a definite plan or framework for the law's operation. *The legislature does not abdicate its function when it describes what job must be done, who must do it, and the scope of his authority.* In our complex economy, that indeed is frequently the only way in which the legislative process can go forward. *Bowles v. Willingham,* 321 U.S. 503, 64 S.Ct. 641. . . ." (Emphasis added.)

▉ Considering C.R.S. 1963, 66-1-7(1)(14) in the light of the above enunciated principles of law, we are of the view that the statute in question when read as a whole is sufficiently definite in its description of the job which the legislature directed the department of health to perform. Clearly, the function to be performed is the establishment and the enforcement of sanitary standards at swimming pools and public baths. The statute commissions the department of health to carry

out this task within the scope of authority and the guidelines set forth in the statute. The scope and guidelines to be followed by the department of health in adopting sanitary standards are to be those which are reasonably designed to promote and protect the public health. We find therefore that this statute is sufficiently specific in defining the function to be performed by the department of health, and the scope of its authority in performing this function. Consequently, as we analyze this statute, it does not unconstitutionally delegate any power or duty to the department of health, nor does it abdicate the legislative prerogative of making or defining a law.

We also note that the department of health could have adopted the regulations under consideration pursuant to the authority delegated to it in C.R.S. 1963, 66-22-10, relating specifically to swimming areas. A related section, C.R.S. 1963, 66-22-3(3), contains specific standards pertaining to continuous flow and minimum chlorine residual level. A public bath of the type involved in this case comes within the definition of "swimming area" contained in C.R.S. 1963, 66-22-1.

We therefore hold that C.R.S. 1963, 66-1-7(1)(14) is constitutional and the regulations in issue are valid.

The judgment is reversed and this cause is remanded to the trial court for further proceedings consonant with the views expressed herein.