## No. 27147

**The People of the State of Colorado v. Arthur John Moseley, Jr.**

(566 P.2d 331)

Decided May 31, 1977.                    Rehearing denied June 27, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for plaintiff-appellee.

Tallmadge, Tallmadge, Wallace and Hahn, John W. Smith, C. Thomas Bastien, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant Arthur John Moseley, Jr., appeals from his conviction for aggravated robbery. Finding no prejudicial error, we affirm the conviction.

A petition in delinquency was filed in the juvenile division of Arapahoe County District Court on March 5, 1975, charging that appellant, a minor, had committed aggravated robbery by force, threats or intimidation with a deadly weapon on November 24, 1974. Section 18-4-302(1)(b), C.R.S. 1973. The petition also noted that appellant, being over fourteen years of age, was subject to transfer to the criminal division of the court.

Pursuant to the district attorney's motion, a transfer hearing was held on April 17, 1975. After lengthy testimony, the court granted the People's motion and ordered the case transferred to the criminal division.

On April 22, 1975, an information was filed charging appellant with aggravated robbery under section 18-4-302, C.R.S. 1973. The court denied appellant's motion to dismiss, rejecting his contention that the transfer provisions of the Children's Code are unconstitutional.

Trial began on November 10, 1975. The People's evidence showed that appellant and another boy had entered the service station where John H. Etter worked. Appellant pointed a handgun at Etter and demanded money. Several times Etter was threatened with death if he did not cooperate. He testified that appellant "told me to open the register or he'd shoot me," and that he (Etter) "was scared to death." Etter identified a gun (Exhibit B) as looking like the gun appellant used in the robbery. Officer Gerard Blea had recovered the gun the day after the robbery. It was not then loaded and Officer Blea found no bullets.

At the close of the People's case-in-chief, appellant moved for a judgment of acquittal on the grounds that the People had failed to present any evidence that the gun was loaded and thus was a deadly weapon. The motion was denied.

Defense witness Tony Harms, the other participant in the robbery, testified that the gun was not loaded on the night in question. On cross-examination, he admitted that he only knew the gun was not loaded five minutes before the robbery.

There was rebuttal evidence that the gun was capable of firing bullets.

The court rejected appellant's tendered instruction 1, which stated that robbery and aggravated robbery required the specific intent to permanently deprive the owner of the use or benefit of the thing taken.

In closing argument, the district attorney, referring to the gun, said, "You know, it's not uncommon for a weapon of this type to be used as a bludgeon (illustrating)." The court overruled appellant's objection that this comment lacked evidentiary support.

The jury returned a verdict of guilty on the charge of aggravated robbery. The court imposed an indeterminate sentence not to exceed five years.

Appellant contends the district court committed reversible error in the following rulings: (1) denying appellant's motion to dismiss on the grounds that section 19-1-104(4)(a), C.R.S. 1973, the transfer section of the Children's Code, violates due process and unconstitutionally delegates legislative power to define a crime; (2) denying appellant's motion for judgment of acquittal at the close of the People's case on the grounds that the People failed to show appellant had been armed with a deadly weapon; (3) overruling appellant's objection to the district attorney's statement in closing argument that a gun is commonly used as a bludgeon; (4) rejecting appellant's tendered instruction that aggravated robbery requires the specific intent to deprive the owner of the use or benefit of his property. We consider these issues in order.

## I.

Appellant argues that the standards in section 19-1-104(4)(a) for certifying a child for criminal proceedings in district court are impermissibly vague and overbroad, and therefore do not give fair notice of the prohibited conduct. As a result, concludes appellant, the transfer procedure denies him due process of law and amounts to an unconstitutional delegation of legislative power to the judiciary.

■ Due process requires that laws which proscribe conduct do so in terms understandable to persons of common intelligence. *People v. Garcia*, 189 Colo. 347, 541 P.2d 687. But here, appellant's conduct ran afoul of section 18-4-302(1)(b), C.R.S. 1973, which prohibits aggravated robbery, not section 19-1-104(4)(a), which only prescribes procedures for transfer. Appellant does not challenge the constitutionality of the aggravated robbery statute, which was upheld in *People v. Duran*, 188 Colo. 207, 533 P.2d 1116, and *People v. Small, Jr.*, 177 Colo. 118, 493 P.2d 15.

■ Consequently, appellant's argument that section 19-1-104(4)(a) fails to give fair notice of the conduct prohibited misses the mark. That section concerns transfer hearings and the prerequisites to a transfer order, and does not relate to the nature, as such, of the prohibited conduct with which the accused juvenile stands charged. On this basis, other courts have held that the due process standard of fair notice does not apply to juvenile court transfer provisions. *Clemons v. State*, 317 N.E.2d 859 (Ind. Ct. App. 1974), *cert. denied*, 423 U.S. 859, 96 S.Ct. 113, 46 L.Ed.2d 86; *In re Juvenile*, 364 Mass. 531, 306 N.E.2d 822; *State v. Scoville*, 113 N.H. 161, 304 A.2d 366. We hold that section 19-1-104(4)(a) is not unconstitutional as denying due process of law.

■ Appellant's delegation argument similarly falls short. While the legislature may not delegate its power to make a law, it may delegate the power to determine, under adequate standards, some fact or state of things triggering the law's application. *People v. Giordano*, 173 Colo. 567, 481 P.2d 415. The relevant inquiry, therefore, is whether the statute, read as a whole, provides adequate standards. *Fry Roofing v. Dept. of Health*, 179 Colo. 223, 499 P.2d 1176.

■ Section 19-1-104(4)(a) provides that a child may be certified to the district court "if, after investigation and hearing, the juvenile court finds it would be contrary to the best interests of the child or of the public to retain jurisdiction." A number of courts have upheld transfer statutes containing similar standards.[1]

---

[1] *In re Juvenile, supra* ("the interests of the public"); *In re Weidner*, 6 Ore. App. 317, 487 P.2d 1385 ("the best interests of the child and the public"); *State, In Interest of Salas*, 520 P.2d 874 (Utah 1974) ("the best interests of the child or of the public"); *In re F.R.W.*, 61 Wis. 2d 193, 212 N.W.2d 130, *cert. denied*, 416 U.S. 974, 94 S.Ct. 2000, 40 L.Ed.2d 563 ("the best interest of such child or of the public").

Additionally, section 19-1-104(4)(a) expressly incorporates section 19-3-108, subsection (2)(b) of which sets forth six detailed guidelines for the transfer decision. Interestingly, these guidelines closely resemble those adopted in response to and appended to the United States Supreme Court's decision in *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84.

Moreover, these guidelines are far more specific than those appearing in transfer statutes which have been upheld in other jurisdictions.[2]

■ We hold, therefore, that section 19-1-104(4)(a) does not constitute an unlawful delegation of legislative power to the judiciary.

## II.

Appellant contends that the district court erred in denying his motion for acquittal at the close of the People's case. He argues that the People presented no evidence that the gun he carried during the robbery had been loaded, and therefore the People failed to establish a prima facie case that he

"by the use of force, threats, or intimidation *with a deadly weapon* [put] the person robbed * * * in reasonable fear of death or bodily injury * * *" (Emphasis added.) Section 18-4-302(1)(b), C.R.S. 1973.

■ We do not agree. The robbery victim testified that, as the gun was pointed at him, appellant ordered him to open the cash register "or he'd shoot me." Section 18-4-302(2) provides:

"(2) Possession of any article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (1) of this section that he was so armed."

The permissible inference arising from the operation of this statute constituted sufficient evidence to withstand appellant's motion for acquittal. *See People v. Jones*, 191 Colo. 385, 553 P.2d 770. Here, the use of the gun was reinforced by repeated threats of immediate death or injury from

---

[2]*Briggs v. United States*, 96 U.S. App. D.C. 392, 226 F.2d 350 (1955) ("after full investigation"); *L. v. Superior Court*, 7 Cal.3d 592, 498 P.2d 1098, 102 Cal. Rptr. 850 ("would not be amenable to the care, treatment and training program available through the facilities of the juvenile court," "not a fit and proper subject"); *People v. Shipp*, 59 Cal. 2d 845, 382 P.2d 577, 31 Cal. Rptr. 457 (no express standards); *State v. Gibbs*, 94 Idaho 908, 500 P.2d 209 (no express standards); *Clemons v. State, supra*, ("after full investigation"); *State v. Green*, 218 Kan. 438, 544 P.2d 356 ("would not be amenable to the care, treatment and training program available through the facilities of the juvenile court"); *Lewis v. State*, 86 Nev. 889, 478 P.2d 168 ("after full investigation"); *State v. Doyal*, 59 N.M. 454, 286 P.2d 306 ("for the rehabilitation and best interest and welfare of the juvenile delinquent"); *Sherfield v. State*, 511 P.2d 598 (Okla. Crim. App. 1973) ("child capable of knowing right from wrong and to be held accountable for his acts"); *In re Correia*, 104 R.I. 251, 243 A.2d 759 ("after full investigation"); *In re Welfare of Burtts*, 12 Wash. App. 564, 530 P.2d 709 ("in its discretion").

which a reasonable person in the victim's position would certainly be justified in inferring that the weapon was loaded. Consequently, the district court did not err in denying appellant's motion. *People v. Martinez*, 191 Colo. 428, 553 P.2d 774.

### III.

Next, appellant argues that the court erred in overruling his objection to the following remark made by the district attorney in closing argument: "You know, it's not uncommon for a weapon of this type to be used as a bludgeon (illustrating)."

Appellant objected to this statement on the grounds that it was not supported by the evidence.

■ The court and the district attorney himself cautioned the jury that closing arguments are not evidence and that they should rely on their own recollections of the evidence. Absent a contrary showing, we must presume that the jury understood and heeded the court's instruction. *People v. Pesis*, 189 Colo. 52, 536 P.2d 824; *People v. Becker*, 187 Colo. 344, 531 P.2d 386. Particularly here, where the evidence clearly supported the jury's verdict and appellant failed to move for a mistrial on account of the district attorney's statement, we will not disturb the court's ruling without a clear showing of gross abuse of discretion, resulting in prejudice and a denial of justice. *People v. Alvarez*, 187 Colo. 290, 530 P.2d 506; *People v. Motley*, 179 Colo. 77, 498 P.2d 339. Appellant has made no such showing.

### IV.

■ Appellant tendered the following instruction which was refused by the court:

"An additional element of the offenses of aggravated robbery and robbery is that the offender must have, at the time of the offense, the specific intent to permanently deprive the owner of the use or benefit of the thing of value taken by the offender."

The instruction went on to inform the jury that, in order to convict appellant, it must find the intent described beyond a reasonable doubt. Appellant assigns as error the court's rejection of this instruction.

The tendered instruction is based on *People v. Gallegos*, 130 Colo. 232, 274 P.2d 608. There we held;

"It may generally be said that the offense of robbery is but an aggravated form of larceny, and, therefore, the intent to deprive an owner of his property and to convert it to the use and benefit of the accused is an essential element of the offense and must be established beyond a reasonable doubt by competent evidence."

The conflict of Colorado case law on this point is illustrated by three relatively recent cases. *People v. Scheidt*, 182 Colo. 374, 513 P.2d 446, held that the conflicting evidence of defendant's specific intent to steal was properly left for the jury's determination, citing *People v. Gallegos,*

*supra. People v. Trujillo*, 184 Colo. 387, 524 P.2d 1379, concluded that both simple and aggravated robbery require the intent to rob. On the other hand, *Jones v. People*, 146 Colo. 40, 360 P.2d 686, stated flatly that specific intent is not an element of robbery.

Faced with this apparent inconsistency, and noting that none of the cases cited above dealt with the current robbery statute, we turn to the robbery statute itself, section 18-4-301, C.R.S. 1973, the language of which differs considerably from its predecessor's, 1967 Perm. Supp., C.R.S. 1963, 40-5-1(1) on which these cases were based.

Section 18-4-301(1) provides:

"A person who takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery."

The statutory language contains no suggestion that robbery requires any specific intent to permanently deprive the owner of the use or benefit of the thing taken. In short, we have no reason to believe that the legislature intended to define as an element of the crime of robbery that particular specific intent. Generally, where a particular specific intent is included as an element of an offense, the legislature has done so expressly. *E.g.*, sections 18-3-102(1)(a) ("with the intent to cause the death") and 18-3-202(1)(a), C.R.S. 1973 (1976 Supp.) ("with intent to cause serious bodily injury"); section 18-4-202(1), C.R.S. 1973 ("with intent to commit therein a crime").

We therefore hold that robbery under section 18-4-301 requires no specific intent to permanently deprive the owner of the use or benefit of his property. As a result, the district court properly rejected appellant's tendered instruction. To the extent that prior case decisions may be inconsistent with this holding, they are expressly overruled.

The judgment is affirmed.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN specially concur.