## No. 27554

### The People of the State of Colorado v. Robert H. Stage

(575 P.2d 423)

Decided March 6, 1978.

---

[1] Section 18-7-206, C.R.S. 1973.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

Keller, Dunievitz & Johnson, Alex Stephen Keller, for defendant-appellee.


*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.


The appellee was indicted on one count of intimidating a witness,[1] and two counts of pimping. He moved to dismiss the pimping charges on the ground that the pimping statute[2] is unconstitutional on its face. The trial court granted the motion, and the People appeal. We reverse and remand for further proceedings.

The statute in question provides as follows:

---

[1] Section 18-8-604, C.R.S. 1973.
[2] Section 18-7-206, C.R.S. 1973.

"18-7-206. *Pimping*. Any person who knowingly lives on or is supported or maintained in whole or in part by money or other thing of value earned, received, procured, or realized by any other person through prostitution commits pimping, which is a class 5 felony."

The trial court's principal basis for holding the statute unconstitutional on its face was that its language could be construed to apply to nearly anyone knowingly selling goods or services to a prostitute, including doctors, lawyers, grocers, and tradespersons generally. Because of this alleged infirmity, the court found that the statute violated due process and equal protection, and was unconstitutionally vague and overbroad.

■ We hold that the trial court should not have addressed the merits of the appellee's facial unconstitutionality arguments, because the appellee did not have standing to raise those questions. When a butcher, baker or candlestick maker is prosecuted for pimping in selling meat, bread or candles to a prostitute, those issues may be brought before us.

■ Under the usual rules of standing developed in Colorado and other jurisdictions, one who is not personally adversely affected by the particular constitutional defect asserted is not entitled to assail the constitutionality of a statute. *Veterans of Foreign Wars v. City of Steamboat Springs*, 195 Colo. 44, 575 P.2d 835; *People v. Blue*, 190 Colo. 95, 544 P.2d 385 (1975); *Bolles v. People*, 189 Colo. 394, 541 P.2d 80 (1975); *People v. Stark and Peacock*, 157 Colo. 59, 400 P.2d 923 (1965). In this case, all the constitutional arguments raised by the appellee and relied upon by the trial court rest on hypothetical fact situations not presently before us. There has been no showing that the appellee's conduct was of the "borderline" variety that he contends would be unconstitutionally proscribed by the statute. As we stated in *People v. Blue, supra*:

"We do not examine the outer bounds of statutes where the alleged conduct falls clearly within the statute's prohibition. While, as suggested by the defendants, doubts as to the applicability of the statutory language in marginal fact situations may be conceived, we think the statute gives defendants adequate warning that their [conduct] was a criminal offense." 544 P.2d at 390.

■ In other words, a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court. *E.g., Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *Veterans of Foreign Wars v. City of Steamboat Springs, supra*.

■ The appellee further argues, however, that the pimping statute infringes upon First Amendment freedoms of "economic association" by "chilling" the general public's freedom to transact business with all people, including prostitutes. Thus, he contends, this case falls within a recognized exception to the usual standing rules. We do not agree.

When important First Amendment freedoms have been involved, courts have sanctioned attacks on overly-broad statutes without requiring the person making the attack to demonstrate that his or her conduct could not be regulated by a sufficiently specific statute. *E.g., Bigelow v. Virginia*, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975); *Lewis v. New Orleans*, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974); *Broadrick v. Oklahoma, supra*; *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); *Veterans of Foreign Wars v. City of Steamboat Springs, supra; Bolles v. People, supra.* This exception to the usual standing requirement is allowed because of the "danger of tolerating, in the area of First Amendment freedoms, the existence of a penal statute susceptible of sweeping and improper application." *NAACP v. Button*, 371 U.S. 415, 433, 83 S.Ct. 328, 338, 9 L.Ed.2d 405, 418 (1963). *See generally, Note, The First Amendment Overbreadth Doctrine*, 83 *Harv. L. Rev.* 844 (1970).

Those cases have repeatedly emphasized, however, that invalidation of a statute for facial overbreadth is an extreme remedy, and has been used only sparingly and as a last resort. *Bigelow v. Virginia, supra; Broadrick v. Oklahoma, supra.* In this case, neither the interests claimed to be at stake nor the nature of the statute's alleged infringement on those interests warrants such extreme relief.

In the first place, the appellee has cited no First Amendment cases supporting his concern for the type of "freedom of economic association" he seeks to invoke in this case. *Cf. People v. Hassil*, 341 Ill. 286, 173 N.E. 355 (1930). We need not decide whether such a freedom is protected by the First Amendment, however, for even if it were, the appellee in this case has failed to produce any evidence of the requisite "specific present objective harm or a threat of specific future harm" to that freedom, as opposed to mere speculation of a subjective "chill." *Bigelow v. Virginia, supra*, 421 U.S. at 816-17, 95 S.Ct. at 2230, 44 L.Ed.2d at 608. Absent such evidence, we will not disregard the usual standing limitations.

In short, the overbreadth doctrine is intended to protect weighty constitutional interests, and the appellee's conjectural assertions regarding the reach of the pimping statute are insufficient to warrant the doctrine's extension to the facts of this case. *See People v. Blue, supra.*

Accordingly, the trial court's order is reversed, and the cause is remanded for further proceedings consistent with this opinion.

MR. JUSTICE LEE does not participate.