# No. 27737

## The People of the State of Colorado v. Petros Demetrios Latsis

(578 P.2d 1055)

Decided May 22, 1978.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, O. Otto Moore, Assistant, for plaintiff-appellant.

Michael R. Enwall, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

An information in the district court charged defendant, Petros Demetrios Latsis, with six felony counts. The first four counts were dismissed after a preliminary hearing. The fifth and sixth counts charged the defendant with two separate offenses of criminal solicitation of the crime of aggravated robbery. Section 18-2-301, C.R.S. 1973.

Defendant's motion to dismiss the solicitation counts on the ground that the statute is unconstitutional for reasons of vagueness and overbreadth was granted by the court. The district attorney appeals from this ruling.

The criminal solicitation statute provides:

"Criminal solicitation.   (1) Except as to bona fide acts of persons authorized by law to investigate and detect the commission of offenses by others, a person is guilty of criminal solicitation if he commands, induces,

entreats, or otherwise attempts to persuade another person to commit a felony, whether as principal or accomplice, with intent to promote or facilitate the commission of that crime, and under circumstances strongly corroborative of that intent." Section 18-2-301, C.R.S. 1973.

The district court's holding of unconstitutionality provided in pertinent part as follows:

"8.   The portion of the statute which reads, 'Except as to bona fide acts of persons authorized by law to investigate and detect the commission of offenses by others . . .' is vague in that men of common intelligence must necessarily guess at the meaning of 'bona fide.'

"9.   The portion of the statute which reads, ' . . . a person is guilty of criminal solicitation if he commands, induces, entreats, or otherwise attempts to persuade another person to commit a felony, whether as principal or accomplice, with intent to promote or facilitate the commission of that crime . . .' is not vague.

"10.   The portion of the statute which states, '. . . and under circumstances strongly corroborative of that intent' renders the statute unconstitutional for the following reasons:

"a.   The legislature has not prohibited all solicitations of all criminal acts, but only solicitations of felonies 'with intent to promote or facilitate the commission of that crime *and* under circumstances strongly corroborative of that intent' (emphasis supplied).

"b.   There is no standard in the statute which would enable a person of common intelligence to understand what circumstances are 'strongly corroborative of that intent.'

"c.   Although the statute proscribes certain kinds of unprotected speech, it does not state in understandable terms what kinds of solicitations of felonies are prohibited and what kinds are not. There is no way that a citizen may know in advance what 'circumstances' are 'strongly corroborative of that intent.' Determination of this critical issue, which is part of the statutory definition, is left to judges and juries on a case-by-case basis.

"d.   Subsection (1) of the statute therefore includes an unconstitutional delegation to the judiciary of the legislative power to define a crime."

■   We do not agree with the court's ruling and hold that the criminal solicitation statute is constitutional.

In its ruling, the district court recognized the important interest of the state in "preserving the peace and preventing criminal activity" and noted that "there is no fundamental personal liberty to solicit another to commit a crime." The court then held the statute "does not prohibit solicitation of lawful acts and therefore does not purport to cover constitutionally protected speech."

The court then applied the long-standing test of vagueness as set forth in our several decisions — whether men of common intelligence can readily understand the statute and its application, or whether they must

guess or speculate as to its meaning. *People v. Blue,* 190 Colo. 95, 544 P.2d 385; *People v. District Court,* 185 Colo. 78, 521 P.2d 1254; *Howe v. People,* 178 Colo. 248, 496 P.2d 1040; *Self v. People,* 167 Colo. 292, 448 P.2d 619; *People v. Heckard,* 164 Colo. 19, 431 P.2d 1014.

██ As heretofore set forth in paragraph 8 of the order, the court felt that men of common intelligence would necessarily have to guess at the meaning of the words "bona fide." We do not agree with this conclusion. Although the term is of Latin derivation, it is commonly used and readily understood as denoting "[i]n or with good faith; honesty, . . . [r]eal, actual, genuine . . . ." *Black's Law Dictionary* (4th rev. ed. 1968). That the legislature might have used a synonym does not render that portion of the statute constitutionally infirm. That a provision of a statute might require more than a quick glance for full comprehension does not render the terms therein used impermissibly vague. *People v. Blue, supra.*

██ Nor do we agree with the court's conclusion that the use of the modifying phrase "and under circumstances strongly corroborative of that intent" makes unconstitutionally vague the operative portion of the statute which the court specifically found not to be vague. In our view, the modifying phrase relates to the burden upon the prosecution to present a quantum of evidence sufficient to demonstrate that the accused acted with the specific intent to promote or facilitate the commission of a crime. In other words, it is not sufficient to show merely that the accused solicited the commission of a crime; rather, sufficient circumstances surrounding the overt act of solicitation must be presented which corroborate that the act in fact was done with the requisite specific intent. This language of the statute is of benefit to an accused and protects those whose actions may have been innocently motivated or done in jest. It is, of course, for the jury to determine whether the circumstances shown by the prosecution were "strongly corroborative" of the alleged intent.

██ The district court also found that this language constituted an "unconstitutional delegation to the judiciary of the legislative power to define a crime." Due process of law requires that the legislature provide sufficiently precise standards to guide a judge and jury in deciding whether a crime has been committed. Failure to do so may well constitute an unlawful delegation of legislative power. *Bolles v. People,* 189 Colo. 394, 541 P.2d 80. There are an infinite variety of corroborating circumstances which could not reasonably have been catalogued by the legislature. The trier of fact is not being called upon to define a crime, but is rather only being told what quantum of evidence is sufficient to demonstrate that the requisite criminal intent was present. Thus, we conclude there has not been an unlawful delegation of legislative power.

██ Defendant further contends the statute is unconstitutionally overbroad. The district court, in paragraph 5 of its order, concluded as follows:

"5.  There is no fundamental personal liberty to solicit another person to commit a crime. The statute does not prohibit solicitation of lawful acts and therefore does not purport to cover constitutionally protected speech." We agree with the court's conclusion in this regard. Defendant has not demonstrated how the statute may proscribe constitutionally protected conduct, and we find his argument in this regard to be without merit.

The judgment is reversed and the cause remanded to the district court with directions to reinstate the information as to counts 5 and 6.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissent.

MR. CHIEF JUSTICE PRINGLE does not participate.

MR. JUSTICE GROVES dissenting:

I respectfully dissent for the reason that I regard the following portion of the statute as unconstitutional:

"[A] person is guilty of criminal solicitation if he . . . attempts to persuade another person to commit a felony . . . with intent to promote of facilitate the commission of that crime, and under circumstances strongly corroborative of that intent." Section 18-2-301, C.R.S. 1973.

I can understand a solicitation "with intent to promote or facilitate the commission of a certain crime." I do not understand it with the addition: "and under circumstances strongly corroborative of that intent."

Let us assume that the case has been tried and the jury has retired to consider its verdict. It finds that the defendant attempted to persuade another to commit a certain felony with intent to promote or facilitate the commission of that crime. It then perceives that it must also determine whether the acts of the defendant were "under circumstances strongly corroborative of that intent." It looks to the instructions to find the judge's definition of "circumstances strongly corroborative."

At that juncture, I imagine that I am the judge who submitted those instructions. What should I have written to define the additional element of "under circumstances strongly corroborative." I finally conclude that I am unable to perceive just what the legislative intent may have been. Therefore, to me the statute is unconstitutionally vague. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

MR. JUSTICE ERICKSON joins in this dissent.