The **PEOPLE** of the State of Colorado, Plaintiff-Appellant,

v.

Kenneth **LEPIK**, Defendant-Appellee.

No. 79SA480.

Supreme Court of Colorado, En Banc.

June 22, 1981.

---

J. E. Losavio, Jr., Dist. Atty., Amy S. Isaminger, Deputy Dist. Atty., for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, James S. Dostal, Stephanie H. Yukawa, Deputy State Public Defenders, for defendant-appellee.

LEE, Justice.

Defendant, Kenneth Lepik, was charged with the offenses of Introducing Contraband in the First Degree, section 18–8–203, C.R.S. 1973 (1978 Repl. Vol. 8), and Introducing Contraband in the Second Degree, section 18–8–204, C.R.S. 1973 (1978 Repl. Vol. 8).

The charges arose out of an incident on December 11, 1977, involving the defendant, a security guard at the Colorado State Hospital in Pueblo, who was accused of bringing alcoholic beverages (First-Degree Introduction) and a pair of pliers (Second-Degree Introduction) into the state hospital.

The defendant moved to dismiss the charge of Introducing Contraband in the Second Degree on the ground that the statute unconstitutionally delegated the power to define a crime to an administrative officer, in violation of Article III of the Colorado Constitution. The district court granted the motion to dismiss and the People have appealed. We affirm the judgment of dismissal.

The Second-Degree Introduction statute [1] prohibits the introduction into a detention facility of "contraband." "Contraband" is defined as any article or thing (other than

---

1. Section 18–8–204, C.R.S. 1973 (1978 Repl. Vol. 8) provides:

18–8–204. *Introducing contraband in the second degree.*

(1) A person commits introducing contraband in the second degree if he knowingly and unlawfully:

(a) Introduces or attempts to introduce contraband into a detention facility; or

(b) Being a person confined in a detention facility, makes, obtains, or has in his possession any contraband.

(2) "Contraband" as used in this section means any article or thing not referred to in section 18–8–203 which a person confined in a detention facility is prohibited from obtaining or possessing by statute or a rule, regulation, or order lawfully issued by the administrative head of the detention facility.

(3) Introducing contraband in the second degree is a felony, and, upon conviction thereof, the punishment shall be imprisonment in the state penitentiary for not less than one year nor more than five years.

those things specifically prohibited by the statute defining First-Degree Introduction, section 18–8–203, C.R.S. 1973)[2] which a person confined in a detention facility is prohibited from obtaining or possessing by statute or a rule, regulation or order lawfully issued by the administrative head of the detention facility.[3] Section 18–8–204(2), C.R.S. 1973.

The district court found the statute was void because it lacked adequate legislative standards to guide administrative discretion and therefore the statute violated Article III of the Colorado Constitution by delegating the legislative power to define a crime to an administrative officer.

 It is a fundamental principle that only the General Assembly may declare an act to be a crime and that power may not be delegated to persons not elected by nor responsible to the People. *Casey v. People*, 139 Colo. 89, 336 P.2d 308 (1959); *Sapero v. State Board*, 90 Colo. 568, 11 P.2d 555 (1932); *People v. Lange*, 48 Colo. 428, 110 P. 68 (1910). Although the power to make a law may not be delegated, the power to determine a state of facts upon which the law depends may be delegated. *People v. Giordano*, 173 Colo. 567, 481 P.2d 415 (1971); *Casey v. People, supra; Sapero v. State Board, supra.* The delegation of power to determine the state of facts upon which the law operates may not, however, be left to the uncontrolled discretion of the executive or administrative officer. The General Assembly must prescribe sufficient standards by which the power delegated is to be exercised; otherwise, the delegation of power is invalid as being violative of the separation of powers doctrine, *Colo.Const.* Art. III. *People v. Giordano, supra. See Colo. Auto. & Truck Wreckers v. Dept. of Rev.,* Colo., 618 P.2d 646 (1980); *Fry Roofing v. Dept. of Health*, 179 Colo. 223, 499 P.2d 1176 (1972); *Asphalt Paving v. County Com.*, 162 Colo. 254, 425 P.2d 289 (1967); *Swisher v. Brown*, 157 Colo. 378, 402 P.2d 621 (1965); *Commission v. Case*, 151 Colo. 235, 380 P.2d 34 (1962). Although the modern tendency may often permit liberal grants of discretion to administrative bodies, *Swisher v. Brown, supra,* the power delegated cannot be expanded to the point where an administrative officer is possessed of unbridled authority to declare conduct criminal. *See generally Colo. Auto. & Truck Wreckers v. Dept. of Rev., supra.*

 The statute under consideration contains no standards to guide the administrative head of the detention facility in the exercise of the discretion delegated. It has not been demonstrated that this statute or any other related statute defines contraband or limits it to a certain kind or category of items or things that may be properly designated as contraband by the administrative head of the detention facility. *See Colo. Auto. & Truck Wreckers, supra* (where the Department of Revenue could demand surrender of motor vehicle title certificates only when the auto was destroyed, dismantled, or sold or disposed of as salvage); *Asphalt Paving v. County Com., supra* (where the county was limited to proscribing or regulating the movement of trucks on designated highways); and *Swisher v. Brown, supra* (where the Colorado Agricultural Marketing Act enumerated six categories in which the Board could take action). Thus, as the district court noted, "[i]t would appear that the head of the department could determine such things as an ice-cream cone to be contraband under that section * * *." Such unbridled exercise of discretion would violate the basic principle of law that only the legislature may declare an act to be a crime. *People v. Casey, supra.*

The People suggest that the purpose of the statute is to allow the administrative head of the detention facility to define items other than those contained under the First-Degree Introduction statute which might pose security risks to the particular institution and to make it illegal to bring

---

**2.** Section 18–8–203(1)(a), C.R.S. 1973, generally prohibits the introduction of alcoholic beverages, narcotic or dangerous drugs, or "dangerous instruments" into a detention facility.

**3.** The appellant does not cite nor do we find any statute which defines contraband for the purposes of this section.

these items into the facility. Thus, the People suggest that the discretion is limited by the requirement that the items pose a security risk. This limitation, however, does not appear in the statute or any other statute to which we have been directed.

■ The People also suggest that if the Second-Degree Introduction statute is read in pari materia with section 27–1–101, C.R.S.1973, a proper standard for the issuance of regulations under the Second-Degree Introduction statute is apparent. We do not agree.

Section 27–1–101, C.R.S.1973, is the legislative declaration of purposes for the reorganization of the Department of Institutions, which occurred in 1959. 1959 Colo. Sess.Laws, ch. 35, 3–11–1 at 152. The declared purpose was to utilize resources of state government at maximum efficiency. We do not view this legislative declaration as reasonably applicable to or as a limitation on the discretion delegated to the head of the detention facility in declaring the introduction of certain items into that facility illegal.

Finding no basis upon which the validity of the statute may be sustained, we hold section 18–8–204, C.R.S.1973 (1978 Repl.Vol. 8) to be unconstitutional.

The judgment is affirmed.