Margaret **MURPHY**, Eleanor Murphy, Michael W. Sweeney, as Personal Representative of the Estate of Margaret Anne Sweeney, Helen Hickisch, Kathryn Jane Pojman, and Anne Louise Mohrman, Plaintiffs-Appellees,

v.

The **CENTRAL BANK AND TRUST CO.**, Defendant-Appellant.

No. 83CA0514.

Colorado Court of Appeals, Div. I.

Feb. 21, 1985.

Rehearing Denied March 28, 1985.

**14**

George T. Ashen, John P. McDonnell, Jr., Denver, for plaintiffs-appellees.

Paul V. Rupp, John E. Bush, Denver, for defendant-appellant.

BABCOCK, Judge.

Central Bank & Trust Company (the bank) appeals the trial court judgment awarding damages for a breach of fiduciary duty during the bank's administration of a trust. The bank asserts error only in the assessment of damages. We affirm.

### I.

The bank first contends that the trial court erred in assessing damages from the sale of the Bretz property. We disagree.

A trustee's duty of loyalty and of reasonable care dictates that it must seek to obtain the best price obtainable for trust property which it is selling. *Rippey v. Denver United States National Bank,* 273 F.Supp. 718 (D.Colo.1967); *see Whatley v. Wood,* 157 Colo. 552, 404 P.2d 537 (1965). Furthermore, the trustee should secure competitive bidding and surround the sale with such other factors as will tend to cause the property to sell to the greatest advantage. *Rippey v. Denver United States National Bank, supra;* G. Bogert, *Trusts & Trustees* § 745 (2d ed. 1960).

The record establishes that the bank failed to obtain an independent appraisal of the Bretz property, to secure competitive bidding, or to place the property on the open market prior to sale. The bank then sold it for $12,000. Soon thereafter, the property was resold for $22,000. Under these circumstances, we find no error in the trial court's assessment of damages at $10,000.

### II.

The bank also contends that the court erred in its award of damages relative to the sale of the Griffith property. Again, we disagree.

Where there can be no doubt as to the fact that a trust has been damaged but there may be uncertainty as to the extent of the damage, damages are to be closely approximated by drawing reasonable and probable inferences from the facts proven. *Rippey v. Denver United States National Bank, supra.*

The evidence showed that before the sale, the Griffith property had an appraised value of $144,000 and that the bank secured only $104,000 from the sale of that property. Moreover, the bank, as lessor, allowed the property to deteriorate. None of its employees visited the property, nor did it at any time act to enforce the provisions of the lease which required maintenance by the lessee. Failure to enforce the maintenance provisions of the lease, to maintain the property itself, or to recover damages from the lessee following sale of this devalued property supports the trial court's assessment of damages against the bank in the sum of $40,000.

### III.

The bank next asserts that the trial court erred in awarding compound interest on the amount of the judgment from the date of termination of the trust in September 1975 to the date of judgment. We find no abuse of discretion and conclude that its contention of error in this regard is without merit. *Heller v. First National Bank,* 657 P.2d 992 (Colo.App.1982).

### IV.

The bank's final argument is that the trial court erred in awarding accounting fees and in ordering a refund of the fees which the trustee had received from the trust. We find no error.

The record establishes that the failure of the bank to perform the requisite

accountings or to render such accountings to the beneficiaries made it necessary for them to hire an outside accountant at $50 an hour for 75 hours totaling $3,750. It was properly within the trial court's discretion to determine that this charge was reasonable and surcharge the bank for these expenses incurred as a result of its breach. *Heller v. First National Bank, supra.* Furthermore, the trial court did not abuse its discretion in surcharging the bank for trustee fees in the sum of $7,277. *Heller v. First National Bank, supra; Rippey v. Denver United States National Bank, supra.*

Judgment affirmed.

PIERCE and SMITH, JJ., concur.