The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Richard B. LEE and Ronald Carlisle, Defendants-Appellees.

No. 84SA355.

Supreme Court of Colorado, En Banc.

April 21, 1986.

---

Barney Iuppa, Dist. Atty., David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Thomas A. Barnes, Jr., Colorado Springs, for defendants-appellees.

VOLLACK, Justice.

Defendants were charged with violating the commercial bribery statute, § 18–5–401, 8 C.R.S. (1978). Defendant Lee moved to dismiss the charge on the ground that the statute is unconstitutional on its face. The trial court granted Lee's motion to dismiss, finding that the statute is unconstitutional. Defendant Carlisle then joined in Lee's motion to dismiss, and the trial court granted the motion. We reverse and remand for further proceedings.

I.

Section 18–5–401, 8 C.R.S. (1978) reads:

Commercial bribery and breach of duty to act disinterestedly. (1) A person commits a class 5 felony if he solicits, accepts, or agrees to accept any benefit as consideration for knowingly violating or agreeing to violate a *duty of fidelity* to which he is subject as:

(a) *Agent or employee;* or

(b) Trustee, guardian, or other fiduciary; or

(c) Lawyer, physician, accountant, appraiser, or other professional adviser; or

(d) Officer, director, partner, manager, or other participant in the direction of the affairs of an incorporated or unincorporated association; or

(e) Duly elected or appointed representative or trustee of a labor organization or employee welfare trust fund; or

(f) Arbitrator or other purportedly disinterested adjudicator or referee.

(2) A person who holds himself out to the public as being engaged in the business of making disinterested selection, appraisal, or criticism of commodities, property, or services commits a class 5 felony if he knowingly solicits, accepts, or agrees to accept any benefit to alter, modify, or change his selection, appraisal, or criticism.

(3) A person commits a class 5 felony if he confers or offers or agrees to confer any benefit the acceptance of which would be a felony under subsections (1) and (2) of this section.

(emphasis added).[1]

The trial court's principal basis for holding the statute unconstitutional on its face

---

1. The arrest warrant affidavit reveals that prior to the termination of his employment with Digi-

was that the language "duty of fidelity" was not defined, and the statute therefore improperly provided that private persons (those to whom the duty is owed) define the duty. While the trial court ruled that the statute was not unconstitutional on vagueness grounds,[2] it ruled that the statute was unconstitutionally overbroad.

## II.

■■■ The trial court's reliance on the overbreadth doctrine is misplaced. Generally, the overbreadth doctrine is applied when legislative enactments threaten the exercise of fundamental or express constitutional rights, such as first amendment freedoms. *People v. Mason,* 642 P.2d 8, 13 (Colo.1982); *People v. Holloway,* 193 Colo. 450, 453, 568 P.2d 29, 31 (1977). Neither defendant alleges that section 18–5–401 threatens a fundamental constitutional right. In non-first amendment areas, "one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." *United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960). The trial court should not have addressed the merits of the defendants' unconstitutional claims, because the defendants did not have standing to raise the question. One who is not personally adversely affected by the particular constitutional defect asserted is not entitled to assail the constitutionality of a statute. *People v. Stage,* 195 Colo. 110, 575 P.2d 423 (1978); *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975). Here, the constitutional argument raised by the de-

fendants and relied upon by the trial court rests on circumstances not presently before us. Neither was the defendants' conduct at the "borderline" of conduct that can constitutionally be proscribed by the statute. In *Stage,* we wrote:

> We do not examine the outer bounds of statutes where the alleged conduct falls clearly within the statute's prohibition. While, as suggested by the defendants, doubts as to the applicability of the statutory language in marginal fact situations may be conceived, we think the statute gives defendants adequate warning that their [conduct] was a criminal offense.

195 Colo. at 112, 575 P.2d at 424 (quoting *People v. Blue,* 190 Colo. at 101, 544 P.2d at 390).

■■■ The defendants argue that the standing requirement does not apply to their overbreadth argument because the statute in question unconstitutionally delegates legislative power to private persons in violation of the distribution of powers doctrine contained in Article III of the Colorado Constitution. *People v. Lepik,* 629 P.2d 1080 (Colo.1981). *Lepik* contains no discussion of the overbreadth doctrine. Additionally, the defendants offer no logical link between the delegation doctrine discussed in *Lepik* and the overbreadth doctrine. Because we do not believe the statute in question unconstitutionally delegates legislative power to private persons, we decline to address the defendants' argument involving the delegation doctrine and the doctrine of overbreadth, and we find no merit in the defendants' argument that

tal Equipment Corporation in Colorado Springs, Colorado, Lee was the company's Senior Manufacturing Engineer. Lee also owns Custom Technical Services (CTS) in Colorado Springs, Colorado which accepted broker's fees for work orders placed with Digital Equipment Corporation. Carlisle is the owner and operator of R.K. Enterprises, located in Englewood, Colorado. Both Lee and Carlisle were alleged to have established an illegal brokerage fee scheme, involving their respective companies. Such an arrangement was alleged to violate their company policies.

2. The defendants did not file a cross-appeal in accordance with C.A.R. 3(h) as to the trial court's ruling that the vagueness doctrine did not apply to § 18–5–401, 8 C.R.S. (1978). Defendants' failure to file a notice of appeal within the prescribed time deprived us of jurisdiction and precluded a review of the merits. *Widener v. District Court,* 200 Colo. 398, 615 P.2d 33 (1980).

they need not comply with standing requirements.

In *Lepik,* because the power delegated to the administrative head of the detention facility expressly provided for the administrative head to define the statutory term, "contraband," we held section 18-8-204, 8 C.R.S. (1978) (Introducing Contraband in the Second Degree) unconstitutional, despite the defendant's failure to establish standing. We noted that the statute under consideration in *Lepik* contained no standards to guide the administrative head of the detention facility in the exercise of the discretion delegated. Here, the statute does not expressly provide that the person to whom the duty of fidelity is owed has the authority to define what that duty is. Nevertheless, the defendants assert that the statute provides that person with unbridled authority to declare conduct criminal because the term, "duty of fidelity," is not defined in the statute. We disagree.

The word "fidelity," as used in section 18-5-401, 8 C.R.S. (1978), is synonymous with the word "loyalty." *See* Webster's Third New International Dictionary 845 (3d ed. 1976). "Duty of loyalty" is a term that has been defined through years of common law interpretation. *See e.g., Armstrong v. People,* 701 P.2d 17 (Colo.1985) (duty of loyalty as it applies to a lawyer/client relationship); *Lindsay v. Marcus,* 137 Colo. 336, 325 P.2d 267 (Colo.1958) (duty of loyalty as it applies to fiduciaries in a joint venture); *Brunner v. Horton,* 702 P.2d 283 (Colo.App.1985) (duty of loyalty as it applies to an agent/principal relationship); *Murphy v. Central Bank and Trust Co.,* 699 P.2d 13 (Colo.App.1985) (duty of loyalty as it applies to trustees); *Kennedy v. Leo Payne Broadcasting,* 648 P.2d 673 (Colo. App.1982) (duty of loyalty as it applies to an employer/employee relationship). The law has set sufficient parameters as to the meaning of the term, "duty of fidelity," so as not to allow the person to whom the duty is owed unfettered discretion in defining the term.

We hold that the statute in question does not establish an unconstitutional delegation of legislative authority to private persons. Judgment is reversed, and the trial court is ordered to reinstate the information.

DUBOFSKY, J., specially concurs.

QUINN, C.J., and LOHR, J., join in the special concurrence.

DUBOFSKY, Justice, specially concurring:

I concur in the majority's decision to reverse the judgment of the district court, and to order the reinstatement of the information in this case. However, I write separately to explain my view of the questions involved.

The majority devotes some attention to the standing of the defendant to challenge Colorado's commercial bribery statute, § 18-5-401, 8 C.R.S. (1978), on the ground of overbreadth. However, despite the district court's use of the term "overbreadth" in its ruling and order, I believe that this case does not involve a true overbreadth challenge.

Under the doctrine of overbreadth a statute is invalid if it includes within its proscriptions constitutionally protected conduct, *People v. Enea,* 665 P.2d 1026 (Colo. 1983), specifically, first amendment freedoms or other fundamental rights. *People ex rel. City of Arvada v. Nissen,* 650 P.2d 547 (Colo.1982); *People v. Garcia,* 197 Colo. 550, 595 P.2d 228 (1979). Neither the district court nor the defendants in this case have suggested that the commercial bribery statute potentially infringes upon any first amendment or other constitutionally protected right.

The defendants' and the district court's references to overbreadth are found in their discussions of the question of improper delegation. A statute may be challenged as an improper delegation where the statute fails to provide sufficient guidance to third parties charged with determining its applicability. *See, e.g., People v. Latsis,* 195 Colo. 411, 578 P.2d 1055 (1978), *People v. Moseley,* 193 Colo. 256, 566 P.2d 331 (1977). The question whether a legislative enactment contains sufficient stan-

dards under the delegation doctrine often is related to the question whether the statute is unconstitutionally vague. Both the trial court and the defendants use the term "overbreadth" as a synonym for vagueness in the context of the nondelegation doctrine.

I agree with the majority's conclusion that the statutory terms at issue here are sufficiently specific. The defendants have failed to meet their burden of demonstrating that the statute is unconstitutional. For this reason, although I think the majority's discussion of the doctrine of overbreadth and standing to assert overbreadth is unnecessary in the present case, I concur in the majority's decision to reverse the judgment of the district court.

I am authorized to say that Chief Justice QUINN and Justice LOHR join in this special concurrence.